JOHN S. CARMAN, APPELLANT, V. FRED L. HARRIS, APPELLEE, SUBSTITUTED FOR NATHAN S. HARWOOD ET AL., APPELLEES.

FILED APRIL 10, 1901. No. 9,181.

1. **Delinquent Tax Sale:** PURCHASER: RIGHT OF ACTION. A purchaser of real estate for delinquent taxes can not maintain an action at law for the recovery of such taxes against the owner or person in whose name the property is assessed.

2. **Foreclosure of Tax Lien:** PETITION: ALLEGATION OF "NO PROCEEDINGS AT LAW" UNNECESSARY. A petition in equity for the foreclosure of a lien for taxes, paid by the purchaser of real estate sold for delinquent taxes and subsequent taxes paid thereon, is not so fatally defective as to preclude a decree in plaintiff's favor being based thereon, because it does not allege that there have been no proceedings at law had or begun for the recovery of the amount for which a lien is claimed, or any part thereof, such petition containing other proper averments.

3. **Tax Sale:** ASSIGNMENT OF PUBLIC RIGHT. If real estate is liable for taxes and there is a legal tax due and delinquent against the land, and it is sold for delinquent taxes, and the tax purchaser fails to acquire a good title to the real estate because of any violation of the revenue law or the failure of public officers to comply with its provisions, the law declares that the sale shall nevertheless be effective as an assignment of the public's rights and liens against the real estate to the attempted tax purchaser thereat. *Grant v. Bartholomew,* 57 Nebr., 675.

4. **Valid Assessments: Void Sale: Enforcement of Lien.** Where the assessments and levies of taxes against real estate are valid, the purchaser, even at a void sale, is subrogated to the rights of the public, and may enforce his lien against the property on which the taxes are assessed. *Adams v. Osgood*, 60 Nebr., 779.

5. **County Treasurer: Delinquent Taxes: Failure to Carry Forward.** The failure of the county treasurer to carry forward on the tax records delinquent taxes for prior years will not invalidate the sale of real estate for taxes assessed for subsequent years.

6. **———: Failure to Advertise: Effect.** The failure of the county treasurer to advertise for public sale real estate upon which there are delinquent taxes due, as provided by law, while it would invalidate the sale of such real estate for taxes, it would not affect the purchaser's lien on the property, who could enforce the lien to the same extent that the county could, were it not for the payment of taxes made by him.

7. **Giving Statutory Notice Not Essential: Failure: Effect: Costs.** The giving of the notice required by section 123, article 1, chapter 77, general revenue laws, before a tax deed can issue, is not essential where the tax purchaser proceeds in equity to foreclose his tax lien, as provided by statute. The failure to give such notice could do no more than affect the question of costs in case the owner came in and offered to redeem.

8. **Railroad: Right of Way Over Land Sold: Not Necessary Party.** Where a right of way for a railroad company has been acquired over land sold for delinquent taxes, in proceedings to foreclose the tax lien, where such right of way is excepted in the petition in foreclosure, the railroad company is not a necessary party. and has no interest in the subject-matter of the action.

9. **Assessment of Real Estate: Name of Rightful Owner Not Essential.** The assessment of real estate in the name of the rightful owner is not absolutely essential to the validity of the tax assessed against such real estate and the lien acquired thereon by the purchaser of such property at tax sale.

10. **Evidence Insufficient and Contrary to Decree and the Law.** Evidence examined, and *held* that the findings and judgment are not supported by the evidence, is contrary thereto and to the law applicable to the case.

Appeal from the district court for Box Butte county. Heard below before Westover, J. *Reversed.*

*Smith P. Tuttle*, for appellant.

*E. F. Pettis*, *contra.*

HOLCOMB, J.

Appellant, plaintiff below, began an action in equity for the purpose of foreclosing a lien for taxes upon certain real estate, which he alleged existed in his favor by reason of the sale by the county treasurer and purchase by him of the said real estate for delinquent taxes thereon, and payment of subsequent taxes assessed and levied on and against the same property. After joinder of issues and a trial to the court, judgment was rendered in favor of defendants, appellees, dismissing the action, and for costs.

The record does not clearly disclose the grounds upon which the trial court based its conclusions as announced by the judgment rendered; nor do counsel for appellees throw any light upon the subject in their brief, their brief being substantially for an affirmance of the judgment below, not upon the grounds upon which the trial court apparently acted, but because, as argued, the petition will not support a judgment in favor of the plaintiff, and also for the reason that the evidence is insufficient to support a finding and decree in plaintiff's favor. As disclosed by the transcript, it is found by the trial court that the plaintiff, at the commencement of the action, was not entitled to a lien in any sum whatever, or for any cause whatever, upon any of the parcels or tracts of lands upon which he held certificates of tax ·sales and receipts for payment of subsequent taxes thereon. It is also found that there are irregularities and defects in the levy and assessment of taxes averred by plaintiff in his petition to have been levied and assessed, and that there are irregularities and defects in the sale of the premises, and each and all of them, under and by virtue of which the plaintiff claims to have obtained a lien; and found that, owing to said defects and irregularities, the said plaintiff obtained no interest, right or title in and to the premises mentioned in the petition or any part thereof.

The petition is not at all artistically constructed. The issues raised by the pleadings, however, so far as are necessary to a proper understanding of the case, will appear in the further discussion thereof. A general demurrer was interposed to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled. The answer afterwards filed pleaded the insufficiency of the petition, and at the beginning of the trial a demurrer *ore tenus* was also presented, which was likewise overruled.

It is now urged upon us by appellees that, by reason of the alleged insufficiency of the allegations in the petition, no decree in favor of the appellant could be sustained, and that the judgment dismissing the action should be affirmed, irrespective of the reasons given, or the process by which the same was reached by the trial court. We feel disposed to sustain the petition, if the same can be done within any of the recognized rules of pleading liberally construed, in order to prevent a miscarriage of justice. It would be an awkward state of affairs if, after the sufficiency of a petition has been sustained by a trial court, and a trial has resulted in a finding and judgment against the plaintiff, which on appeal is found to rest on erroneous grounds, such erroneous judgment should be sustained because the court erred in holding that the petition stated a good cause of action. This would be making two errors result in a right conclusion.

The petition is assailed because it does not allege that there have been no proceedings at law had or begun for the recovery of the amount for which a lien is claimed, or any part thereof. It is argued that unless such allegation is contained in the petition, it is fatally defective, and a decree in favor of the plaintiff based thereon can not be sustained, and that the decree of the trial court should stand, even though arrived at by a wrong process. It has heretofore been held, and may be regarded as a settled rule of practice in this jurisdiction, that a petition

for the foreclosure of a real estate mortgage given to secure a debt does not state facts sufficient to entitle a plaintiff to relief, unless it is alleged that no proceedings at law have been had for the recovery of the debt or any part thereof, or, if such proceedings at law have been instituted, that the remedy at law has been exhausted. *Bing v. Morse*, 51 Nebr., 842. We are inclined to the view that the reason for the rule announced in the case cited does not apply with equal force to an equitable action of the character under consideration. While it is provided that those having a lien upon any real property for taxes assessed thereon may enforce such lien by an action in the nature of a foreclosure of a mortgage (Compiled Statutes, ch. 77, art. 5, sec. 1), "and may * * * proceed by action * * * to foreclose the same, * * * in all respects as far as practicable, in the same manner and with like effect as though the same were a mortgage executed to the owner of such certificate or certificates," etc. (Compiled Statutes, ch. 77, art. 1, sec. 179), it does not necessarily or logically follow that the material allegations of the petitions in the two classes of actions must in all respects be entirely similar. The reason for the rule in the foreclosure of a real estate mortgage is based solely on the provisions of the Civil Code contained in sections 850 and 851. In the latter section it is provided: "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceedings shall be had in such case, unless, to an execution against the property of the defendant in such judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises." It is said the manifest intention of these provisions of the Code is to prevent the prosecution of proceedings at law to recover a debt concurrently with proceedings to foreclose a mortgage securing the same debt. *Hargreaves v. Menken*, 45 Nebr., 668.

In *Bing v. Morse, supra,* says RAGAN, C.: "But for the statute, the breach of the mortgagor's contract constituted the mortgagee's cause of action against him. But the legislature has seen fit to enact that if a judgment has been obtained in a suit at law for money secured by real estate mortgage, or for any part thereof, the courts shall then not be authorized to entertain a suit to foreclose such mortgage, unless an execution has been issued upon the judgment at law and returned unsatisfied in whole or in part, and containing the certificate of the officer returning such execution that the judgment defendant has no property except the mortgaged premises out of which to satisfy such execution."

In the present action no proceedings at law can be had for the recovery of the amount due for taxes paid by the appellant. It may be urged that the special proceedings by which a tax deed may be obtained should be regarded as inconsistent with the right to proceed in equity to foreclose a tax lien; but, if so, resort to this proceeding is especially negatived with the reason therefor in the petition. The amount due the plaintiff for such taxes is not a debt recoverable in an action at law against the party in whose name the property is assessed. It is only a charge against and lien upon the real estate assessed, and can be recovered only to the extent of the value of the property by a sale thereof. The action for the recovery of the taxes paid, and enforcement of the lien created, is purely equitable in nature and a proceeding *in rem,* the debt or sum due being incapable of enforcement in an ordinary action at law, as no personal liability exists against the owner of the property assessed. *Grant v. Bartholomew,* 57 Nebr., 673. It is suggested that the redemption of the land by the owner, by the payment of the taxes due to the county treasurer, would support an action at law by the holder of the tax certificates against the county treasurer, and because thereof the necessity arises for an averment that no action at law for the recovery of the debt has been begun.

But this would be an entirely different cause of action against a different party, and for the recovery of money upon entirely different considerations than that for which the equitable action is prosecuted. Furthermore, it is alleged in the petition that the tax which it is sought to have declared a lien has never been paid. This allegation must apply to the defendant, and is equivalent to alleging that the land had never been redeemed from tax sale. There being no reason, statutory or otherwise, for alleging that no proceedings at law have been had for the recovery of the taxes, or any part thereof, it follows that a good petition, with other proper averments may be framed without containing such allegation or averment. The petition, we think, contains every essential averment, if supported by proper proofs, to entitle the plaintiff to a lien on the property, and a sale of the same in satisfaction of the amount due for taxes paid at the time of the purchase at tax sale and the subsequent taxes paid thereon. We conclude, therefore, that the petition states a cause of action, and is not so fatally defective that a decree in favor of the plaintiff can not be sustained.

In entering upon the further discussion of the case with respect to plaintiff's right to the relief demanded, we can not do better than to quote, as an expression of general application, from a paragraph in the syllabus of *Grant v. Bartholomew, supra,* wherein it is said: "The theory of our revenue law is that a purchaser of real estate at a sale made thereof for delinquent taxes shall not lose his money. If no tax was due on the real estate at the time of the sale, then the county is to reimburse the purchaser the money paid. If the land was liable to taxation, and there was a legal tax due and delinquent against the land, then, if the tax purchaser failed to acquire a good title to the real estate because of any violation of the revenue law or the failure of public officers to comply with its provisions, the law declares that the sale shall nevertheless be effective as an assignment of

45

the public's rights and liens against the real estate to
the attempted tax purchaser thereat." If, for any reason,
the plaintiff is entitled to no relief for the money he has
paid in faith of the legality and regularity of the taxes
assessed and levied for general revenue purposes, as
these were, he should be advised of the cause which
deprives him of relief, and, if the taxes are utterly void,
they should be so declared, leaving to the plaintiff his
proper remedy. The state, county, and other municipal
subdivisions have had the benefit of the payment of the
taxes by appellant, and the law is, as we understand it,
that if the assessments and levies are valid, then the pur-
chaser, even at a void sale, is subrogated to the rights
of the public, and may enforce his lien against the prop-
erty on which the taxes were assessed. *Adams v. Osgood*,
60 Nebr., 779. We regard the findings and decree of the
trial court as to irregularities and defects in the assess-
ment, levy and sale of the property taxed being such as to
avoid the tax so levied, and depriving the plaintiff of any
interest in the property assessed under his tax certificates
and receipts, to be unsupported and contrary to the evi-
dence and the law applicable to the facts in the case.
The ruling upon the general demurrer filed in the case,
and the one interposed *ore tenus*, with regard to the peti-
tion stating a cause of action, make it clear that it
regarded the petition as sufficient, and if the material
allegations therein are fairly substantiated by the evi-
dence, then the plaintiff was entitled to a decree in his
favor, and the action should not have been dismissed.

In the argument of counsel some alleged irregularities
in the assessment and levy of the taxes and sale of the
property therefor are suggested, which we will briefly
notice. It is claimed that at the time of the alleged sale
for taxes, when plaintiff purchased in 1893 for the de-
linquent taxes of 1892, the delinquent taxes for previous
years had not been carried forward on the tax lists for
that year, as required by law. This is an irregularity
that can in nowise affect plaintiff's right to a lien for the

delinquent taxes paid by him.   At most, it would only subordinate his lien to that of the lien of the delinquent taxes for the years prior to the one for which he paid the taxes.   The defect, if it be such, would not invalidate the sale made at the time plaintiff purchased.   There is nothing in the statute, directly or by implication, that would warrant us in holding that, because a county treasurer had failed to carry forward taxes of a previous year, a sale made for delinquent taxes for a subsequent year would thereby be rendered void.

It is also claimed that there is nothing in the record to show that the county treasurer had ever advertised the property for sale for delinquent taxes in the manner and form provided by law.   While this contention, if true, might invalidate a sale, it would not affect the purchaser's lien on the property, who, by virtue of the purchase and payment of the subsequent taxes, would be subrogated to the rights of the public, and could enforce the lien to the same extent that the county could were it not for the payments made by him.   *Adams v. Osgood, supra.*

It is further contended that there has been a failure on the part of the plaintiff to give the notice to the owner and occupant of the lands assessed, required by section 123, article 1, chapter 77, before a tax deed can issue. The notice thus required is for the purpose only of securing a tax deed, and is not essential where one proceeds in equity to foreclose a tax lien as provided by statute.   The failure to give such notice could do no more than affect the question of costs in case the owner came in and offered to redeem.   *Bryant v. Estabrook*, 16 Nebr., 217; *Lammers v. Comstock*, 20 Nebr., 341; *Van Etten v. Medland*, 53 Nebr., 569.

We are of the opinion that none of the irregularities, conceding them to be such, will so far avoid the assessments, levies and sale as to deprive the appellant of any relief whatever in his present action.   The petition alleged a right of recovery for taxes paid by plaintiff, as-

sessed and levied against a tract of land which had been platted, as an addition to the city of Alliance, in Box Butte county, into blocks and lots. There were some 376 lots, against which as many assessments and levies were had, and for which tax sales were made. It was alleged in the petition, and admitted·in the answer, that a right of way deed to the Grand Island & Wyoming Central railroad had been executed by the owners, the defendants in the action, which right of way so granted was especially excepted in the petition from any claim of lien for the taxes so paid. It was also alleged in the petition, and admitted by the answer, that a vacation deed had been executed by the owners of the platted addition after the assessments and levies were all made on the property as lots and blocks, by reason of which it was claimed the tax liens attached to the whole property as one entire tract, the right of way theretofore granted to the said railroad company being excepted. It was urged that the petition shows that the said railroad company had an interest in the property, and was a necessary party defendant, without which no valid decree could be rendered in plaintiff's favor. No effort was made to bring this party in as a defendant under the provisions of the Code specially authorizing such proceedings when necessary parties are omitted. Nor do we think such proceedings required. The railroad had no joint or common interest in the property in controversy. Whatever interest it had was several, and in no way connected with the defendants in the action. The decree, of course, could only bind the parties to the suit, and those claiming under them, and could not affect third parties. The interest of the railroad, however, was only by virtue of its right of way deed, and as to this portion of the land sought to be charged with a lien for the taxes paid, the plaintiff claimed nothing, and the company was, therefore, not even a proper party defendant. It should, perhaps, be noted, that in the assessment rolls introduced in evidence, the name of the railroad company appeared

in the columns, opposite the lots and blocks through which its right of way extended, as the owner of the property assessed, but it was evidently intended, as appeared in other portions of the record, that the name was given to denote that the company owned the right of way through such property, which was excepted from the other property assessed by the local authorities. Whether the property was assessed in the name of the owner or otherwise is not absolutely essential to the validity of the tax. In *Lynam v. Anderson,* 9 Nebr., 367, it is said in the first paragraph of the syllabus: "Lands and lots are required to be listed for taxation in the name of the owner or person liable to pay the tax; but the tax being a lien upon the land, a failure to do so will not render the tax void." Sections 141 and 142 of the revenue laws make such omissions and errors an irregularity only, and not such as would invalidate the tax levy or lien.   Black, Tax Titles, sec. 110; *Stilz v. Indianapolis,* 81 Ind., 582; *Landregan v. Peppin,* 86 Cal., 122; *Michigan Dairy Co. v. McKinlay,* 70 Mich., 574; *Union Trust Co. v. Weber,* 96 Ill., 346.

Finally, it is urged that the evidence is insufficient to support a decree in favor of the appellant.   We have examined the evidence with some care, and reach a contrary conclusion.   The tax books were introduced for the different years for which plaintiff claimed to have paid the taxes, showing a valid assessment of taxes against the property for each of the three years covered by the allegations of the petition.   It is true that for one year, the year 1894, it appears the assessor failed to record in the assessment book for the precinct in which the property was assessed the oath prescribed by law.   There is nothing to indicate that the assessment was not, in all respects, fair, just and in proportion to all other property assessed for taxes that year.   It is especially provided by section 142 of chapter 77, being the general revenue law, that the failure of the assessor to take or subscribe an oath, or attach one to any assessment roll,

shall be taken and deemed to be a mere irregularity, which shall in no manner invalidate the tax levied on any property, or a sale of any real estate when sold for delinquent taxes. No issue is raised as to the failure of the assessor to take an official oath, and the presumption is that he did his duty and qualified by taking the required oath, as provided by law. *Merriam v. Dovey*, 25 Nebr., 618; *Twinting v. Finlay*, 55 Nebr., 152; *Spiech v. Tierney*, 56 Nebr., 514.

The tax records of the office of the county treasurer were offered and received in evidence, showing the sevral properties assessed, and the taxes levied against each tract or parcel of land for the different years for which a tax lien is claimed, and the person to whom assessed. The public officers charged with the duties of assessing property and levying the taxes required for general revenue purposes are presumed to have done their duty faithfully, and in the manner provided by law, and such records are competent evidence of the levy of the several amounts charged against the different tracts of land, and are sufficient to support a finding that the taxes have been duly levied as therein charged. *Adams v. Osgood, supra*, and cases therein cited.

The appellees contend that there is no evidence of any levy of taxes except the certificates of tax sales issued to the appellant, and the receipts of the county treasurer for taxes paid by him. While we agree with counsel that these alone would be insufficient proof of a levy, we find that there is other proof, to which we have adverted, and, therefore, arrive at the conclusion announced as to the sufficiency of the evidence. The tax receipts, of course, are only evidence of the payment of the taxes therein mentioned, but, being issued by a public officer in the discharge of public duties, can properly be admitted in evidence for that purpose.

We conclude, therefore, from an examination of the record, that the petition is not so fatally defective as to preclude a decree in appellant's favor based thereon;

that there is evidence in support of all the material allegations of the petition, entitling plaintiff to relief. Whether or not the sale for delinquent taxes, under which appellant claims, is entirely regular in all respects, we do not decide. But we do hold that he is entitled to relief under the pleadings and the evidence, and for that reason the judgment of the district court must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.