WARWICK & COVENTRY WATER CO. *vs.* WILLIS A. CARR, Town Treasurer.

PROVIDENCE—JUNE 4, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Taxes.  Assessment.  Appropriations.*

Pub. Stat. cap. 34, § 5, and Gen. Laws cap. 36, § 4, provide that towns may at any legal meeting grant and vote such sums of money as they shall judge necessary for various purposes, including schools, highways, and town charges and expenses.

Pub. Stat. cap. 43, § 1, and Gen. Laws cap. 46, § 1, provide that a tax may be levied when the electors qualified to vote on that subject are legally assembled for the purposes authorized by law.

At a town meeting the electors voted to assess a tax of twenty-five cents on the hundred for repair of highways; of seventy-five cents for town expenses, and of twenty-five cents for town debt, incorporating the several amounts into one assessment of $1.25 on the hundred :—

*Held,* that the vote stating the percentages amounted only to appropriations for the different purposes, and that together they made the exact sum for which the tax was assessed, and the vote was not illegal.

(2)  *Taxes.  Town Meetings.*

Gen. Laws cap. 37, provides that the meeting for the election of town officers shall be held at such time as may be by law or vote provided :—

*Held,* that, where notice of a meeting to assess a tax was duly given, the fact that a meeting for the election of town officers was held at the same time did not render the meeting illegal.

(3)  *Taxes.  Date of Assessment.*

Gen. Laws cap. 46, § 4, requires the assessors of taxes to assess the tax "at the time ordered by the town," and section 6 provides that time for

bringing in accounts shall be given by the assessors "before assessing any tax." A town voted that the taxes be assessed in the month of September of each year :—

*Held*, that the intention was not to fix a particular day on which the assessment must be made, the word " time " implying a discretion, within fixed limits, which might be necessary or convenient for the assessors.

*Held*, further, that, following the rule in *McAdam* v. *Honey*, 20 R. I. 351, that the assessment is deemed to have been made on the day following the last day on which taxpayers were notified to bring in their accounts, the assessment in the present case was in the month of September, and hence in accordance with the vote of the town and the language of the statute.

(4) *Taxes. Statutes. Directory.*

The provisions of Gen. Laws cap. 46, § 20, requiring the assessors to date the assessment, are directory and not of a character to invalidate the assessment.

(5) *Taxes. Separate Parcels.*

Where it appears that the taxpayer furnished his own description of the ·property assessed to the assessors, which was substantially adopted by them, the taxpayer cannot object to the invalidity of the assessment on the ground that it does not comply with Gen. Laws cap. 45, § 4, in separately describing and valuing separate parcels.

(6) *Easements. Taxes.*

Water rights and rights of way are properly taxed as real estate.

(7) *Taxes. Limitation. Invalid as to Part.*

A tax assessed in violation of Gen. Laws cap. 36, § 22, providing that no town shall assess its ratable property in any one year in excess of one per centum of its ratable value, except for the purpose of paying the indebtedness of the town, etc., is separable, and is illegal only as to the excess.

(8) *Taxes. Limitation. Public Policy.*

Gen. Laws cap. 36, § 22, limiting the assessment except for town indebtedness to one per centum, is not for the benefit of the taxpayer, but based upon public policy. The burden is upon the taxpayer to show that the tax was illegal for this reason. Being a legislative inhibition upon towns, the legislature can remove it without violation to a private right; and having been removed, the invalidity is cured and is not open thereafter to such objection from a taxpayer in a suit to recover a tax paid under protest.

ASSUMPSIT to recover a tax paid under protest. Heard on petition of defendant for new trial, and petition granted.

STINESS, C. J. The plaintiff sues to recover money paid

under protest for taxes in the town of West Greenwich, in the years 1895, 1896, 1897, and 1898.

The trial judge directed a verdict for the plaintiff, and the defendant petitions for a new trial, alleging error.

Several objections to the taxes are set forth in the declaration and were claimed at the trial.

The vote of the town in 1895 was : "Voted that a tax of twenty-five cents on each one hundred dollars of the valuation of the ratable estate of the town be assessed and collected for the purpose of keeping the highways in repair for the ensuing year, and also voted that a tax of seventy-five cents on each one hundred dollars of the valuation of said ratable estates be assessed and collected for the purpose of paying the expenses of the town for the ensuing year, including state tax and school appropriation, and also a special tax of twenty-five cents on each one hundred dollars for paying the indebtedness of the town, all of said taxes to be assessed, collected and paid into the town treasury in accordance with a vote of the town passed on the 23rd day of May, 1887."

Under this vote the several amounts were incorporated into one assessment of $1.25 on each one hundred dollars, and the plaintiff claims that this was illegal, because there should have been three assessments of three separate taxes instead of one.

(2)    Pub. Stat. cap. 34, § 5, and Gen. Laws cap. 36, § 4, provide that towns may, at any legal meeting, grant and vote such sums of money as they shall judge necessary for various purposes, including schools, highways, and town charges and expenses.

Pub. Stat. cap. 43, § 1, and Gen. Laws cap. 46, § 1, also provide that a tax may be levied when the electors qualified to vote on that subject are legally assembled for the purposes authorized by law. The vote in question, stating the percentages for the different purposes, amounts only to appropriations therefor, and, all together, they make the exact sum for which the tax was assessed.

Notice of the meeting was duly given, and the fact that a

meeting for the election of officers was held at the same time does not render the meeting illegal or void; and it is not shown that there was any illegality in the conduct of the meeting. The meeting for the election of town officers is to be held, Gen. Laws cap. 37, at such time as may be by law or vote provided, unless otherwise directed by law. Pub. Laws cap. 1109, January, 1892, relating to the town of West Greenwich, cited by the plaintiff, provided only for the time the polls were to be kept open, and did not prohibit other business. The electors were therefore legally assembled, and notice was given of the levying of a tax. It was not a special meeting requiring a special request, Gen. Laws cap. 37, §§ 4, 6. The town had previously fixed the last Monday in May as the time for the election of town officers, and hence the meeting in 1895 was properly held. At that time the date was changed for subsequent years to the first Monday in June, but for the reasons stated the meetings in 1896, 1897, and 1898 were also legally held.

Some other objections to the validity of the meeting are stated in the brief, but as they are not set forth in the declaration, and are not such as necessarily render the meetings void, we need not consider them in detail.

(3) Objection is also made that the time of the assessment of the tax is not mentioned in the vote. In 1887, the town voted that the taxes be assessed in the month of September of each year. The taxes in question were assessed in accordance with that vote, and the plaintiff claims that it does not comply with the terms of the statute, Gen. Laws cap. 46, § 4, requiring the assessors to assess the tax "at the time ordered by the town," because specifying a month is not fixing a time.

Gen. Laws cap. 46, § 6, provides that time for bringing in accounts shall be given by the assessors "before assessing any tax." Taking the two sections together, we do not think that the intention was to fix a particular day on which the assessment must be made. The word "time" is of a more general character and implies a discretion, within fixed limits, which may be necessary or convenient for the assessors. *Town Council, Cranston, Pet'r,* 18 R. I. 417.

In *McAdam* v. *Honey*, 20 R. I. 351, it was held that the assessment is deemed to have been made on the day following the last date on which taxpayers were notified to bring in an account of their ratable estates. Following that rule, the assessment in the present case is in the month of September, which is in accordance with the vote of the town, and hence within the language of the statute "at the time ordered by the town."

(4)    Objection is also made that the assessments are void because they were not dated, as required by Gen. Laws cap. 46, § 20. We think that this is a directory provision, and not of a character to invalidate the assessment. It was so considered in *McAdam* v. *Honey*, otherwise the court could not have disregarded the date of May 10, 1897, and have held the assessment to have been made on February 27, 1897. See also *Young* v. *Joslin*, 13 R. I. 677.

(5)    Another objection is that the assessors did not comply with Gen. Laws cap. 45, § 4, in separately describing and valuing separate tracts or parcels. It appears that the plaintiff carried in to the assessors an account of its ratable estate, describing the real estate as follows : . "Water rights in and land at Carr's pond, and pipe line with its appurtenances leading from Carr's pond, value thirty-four thousand dollars $34,000."

The assessment as made was as follows :

|  | REAL. | PERS. | TAX. |
|---|---|---|---|
| Warwick & Coventry Water Company, for pipe and water rights and right of way to Carr's Pond.................. | $30,000 | ..........;........ | $375 00 |
| Warwick & Coventry Water Company, land and dam at Carr's Pond................................................. | 10,000 | ........... | 125 00 |

In *Young* v. *Joslin*, the provision for separate description was held to be for the benefit of the taxpayer and mandatory. Consequently, in *Kettelle* v. *Warwick & Coventry Co.*, 23 R. I. 114, a tax assessed under a description substantially the same as in this case was held to be invalid. But it did not appear in that case, as it does in this case, that the taxpayer

had furnished his own description of his property. If he describes his property himself he has the benefit, which the statute is intended to give him, of knowing what property is assessed. Hence it was held in *Mowry* v. *Slatersville Mills*, 20 R. I. 94, that where a manufacturing corporation made a return to the assessors of its real and personal estate, which was substantially adopted by the assessors, the corporation could not urge the invalidity of the assessment on the ground that it did not show that the assessment was limited to the kinds of property mentioned in the statute in such cases. The return of the real estate in that case described it in three parcels, but the assessment was made as of one parcel " purchased from John W. Slater." This was held to be contrary to the requirement of the statute in regard to describing and valuing the parcels separately, unless it should appear at the trial that the land was in fact one parcel and that it remained intact as purchased, or that it was not practicable to separately describe and value such parcels. The reason for sustaining the assessment of the personalty in that case is equally applicable to the description of the realty in this case, because it is the taxpayer's own description ; and the reason for holding the description of the realty invalid, when the taxpayer had rendered an account of three parcels which should have been separately valued, if practicable, does not apply in this case, because here the assessors substantially adopted the plaintiff's description of its property as one parcel and the assessors separated their valuations into two parts, one upon the land and the other upon the water rights and appurtenances.

(6)    The plaintiff objects, however, that water rights and rights of way are easements which are not taxable apart from some freehold. It is a sufficient answer to this position to say that they appear to be appurtenant to land, and the plaintiff has so described them ; also that they are not separately taxed, but only separately valued, according to the statute. They are properly taxed as real estate. *Prov. Gas Co.* v. *Thurber*, 2 R. I. 15 ; *Prov. & Wor. R. R.* v. *Wright*, 2 R. I. 459.

A further objection is that no value is put upon the pipe. But the pipes are not taxed as such, only the pipe and water

rights, referring evidently to the rights to lay pipe and carry water as appurtenant to the land, thus increasing the value of the real estate as a whole. The plaintiff describes the property in gross : the assessors adopted his description and differed from it only in the valuation put upon it, which would entitle the plaintiff simply to a remedy for overtaxation and not to a release from the entire tax, and in this respect the difference of valuation was but $6,000.

(7)    The plaintiff takes the further point that the tax violates Gen. Laws cap. 36, § 22, which is : " No town shall assess its ratable property in any one year in excess of one per centum of its ratable value, except for the purpose of paying the indebtedness of the town," etc. The vote of 1895 confined the tax to one per cent. for ordinary purposes, and the excess was expressly specified to be for indebtedness of the town. In 1896 indebtedness was also mentioned in the vote, but the rate apportioned to it was not specified. In 1897 and 1898 no mention was made of indebtedness or of the other exceptions in the statute. If the tax was in violation of the statute it is separable, and it could only be illegal as to the excess. The rest of the tax would stand. Consequently, the ordering of a verdict for the plaintiff for the full amount of the taxes was error.

(8)    A vote ordering a tax ought to show upon its face that it is in accordance with the statute, but it does not follow that it is necessarily void if it does not. It is to be expected that many town officers will be somewhat unfamiliar with statutory provisions. If the statute has in fact been complied with, it would be unduly technical to hold a tax void simply because the record did not state the fact. The provision in question is not one for the benefit of the taxpayer, but a statute based, upon public policy, to prevent extravagance in towns. Recitals are not required to be as strict in the latter class of cases as in the former. *Young* v. *Joslin*, *supra*. The burden is on the plaintiff to show that the tax was illegal. It is not shown that more than one per cent. was used for other purposes than the indebtedness of the town, but only that the vote does not specify such indebted-

ness.   The statute is a legislative inhibition upon towns, and
the legislature can remove it.   By Pub. Laws cap. 905, § 2
(1901), the assessment was validated by the General Assem-
bly, and if the tax was not in fact for town indebtedness, as
to the excess, the inhibition was thereby removed.   Upon the
ground that the statute was based upon public policy and
not a provision for the benefit of the taxpayer this could be
done without violation to a private right, and this was done
before the trial.

We think the direction of a verdict in favor of the plain-
·tiff was erroneous, and the defendant's petition for a new
trial is granted.

*John J. Arnold*, for plaintiff.

*George T. Brown and Elmer J. Rathbun*, for defendant.