[Civil No. 885.   Filed January 9, 1906.]

[84 Pac. 85.]

WALLAPAI MINING AND DEVELOPMENT COMPANY, a Corporation, Defendant and Appellant, *v.* TERRITORY OF ARIZONA, at the Relation and to the Use of Foster S. Dennis, Treasurer and Ex officio Tax-Collector of Mohave County, Plaintiff and Appellee.

1. TAXES AND TAXATION—CURATIVE LEGISLATION—LAWS 1903, P. 148, No. 92, SEC. 105, CONSTRUED.—The purpose of the curative portion of the act, *supra,* is to prevent a person from escaping the payment of taxes due from him by reason of acts or omissions on the part of taxing officials, where such acts or omissions are mere irregularities, and are of such a nature that the legislature might by prior statute have dispensed with them. Such a law is within the legislative discretion, and is a valid exercise of its powers.

2. SAME—ASSESSMENT-ROLL—CERTIFYING—REV. STATS. ARIZ. 1901, PAR. 3864, AND LAWS 1903, ACT No. 92, SEC. 105, CONSTRUED.—The

requirement of paragraph 3864, *supra,* that the assessor shall attach his certificate to the assessment-roll is directory, and his omission to comply with such requirement does not invalidate the assessment, unless the taxpayer is in fact prejudiced thereby. It is an irregularity merely, such as is covered and cured by the provisions of section 105, *supra.*

3. APPEAL AND ERROR—RECORD—EVIDENCE—NOT INCORPORATED IN RECORD—REVIEW—TAXES AND TAXATION—ASSESSMENT-ROLL.—Alleged error in the failure of the assessor to comply with requirements of the law in making up assessment-rolls will not be reviewed where the assessment-roll is not before the appellate court and the record as preserved does not disclose whether or not the contention is well founded.

4. TAXES AND TAXATION—EVIDENCE—OFFICERS—DUTIES—PRESUMPTION OF PERFORMANCE.—In the absence of evidence to the contrary, in an action to collect delinquent taxes, the legal presumption attaches that officers intrusted with the duties of properly returning and certifying the delinquent lists and equalizing the assessment duly performed such duties.

5. SAME—TAX-SALE—REDEMPTION—LAWS 1903, P. 148, No. 92, CONSTRUED.—Under the statute, *supra,* providing that execution shall issue upon the judgment against the real estate named in the judgment, and directing the sheriff to sell the property to pay the judgment, "the same as the sheriff might do under ordinary execution," a sale thereunder would be governed by and follow the general statute.

6. SAME—CONSTITUTIONAL LAW — SPECIAL LEGISLATION — TAX-SALES—REDEMPTION—REV. STATS. ARIZ. 1901, SEC. 63, "HARRISON ACT," CITED—LAWS 1903, ACT No. 92, CONSTRUED AND HELD CONSTITUTIONAL—HUGHES v. LAZARD, 5 ARIZ. 4, 43 PAC. 422, FOLLOWED.—While act No. 92, *supra,* does not provide that there shall be no redemption from tax-sale, yet, even if it did, it would not be in conflict with the provision of the "Harrison Act," *supra,* prohibiting the passage of any local or special law regulating practice in courts of justice.

7. SAME—DUE PROCESS OF LAW—RETROSPECTIVE LEGISLATION—LAWS 1903, ACT No. 92, CONSTRUED.—The legislature possessing the power to validate retrospectively any proceeding that it might have authorized in advance, act No. 92, *supra,* which provides a remedy and procedure for the collection of taxes already due, does not deprive a person of property without due process of law, in violation of the fourteenth amendment of the constitution of the United States.

8. STATUTES—LAWS 1903, P. 148, No. 92, NOT VOID FOR UNCERTAINTY.—The statute, *supra,* is not void for uncertainty.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Mohave. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Lynn Helm, Frank Cox, and W. G. Blakely, for Appellant.

A valid assessment is necessary to the enforcement of a tax levy; it is jurisdictional. *McReynolds* v. *Longenberger,* 57 Pa. St. 13; *Roberts* v. *First National Bank,* 8 N. Dak. 504, 79 N. W. 1049.

An assessment-roll must be properly authenticated by the assessor, and the absence of such authentication renders the tax invalid.

There is no evidence that any assessment was ever made in Mohave County, Arizona Territory, or of any property of the defendant for either of the years 1902 or 1903.

(*a*) In the absence of any certificate of the assessor attached to the book, or extract therefrom, entitled and purporting to be "an assessment-roll of the county of Mohave, Arizona Territory, for the year 1902," or any certificate of the assessor to the book, or extract therefrom, entitled and purporting to be "an assessment-roll of Mohave County, Arizona Territory, for the year 1903," there is no proof that the assessor ever made any assessment for either of those years, or completed his tax-list, as required by law. Rev. Stats. Ariz. 1901, par. 3864; 1 Cooley on Taxation, 3d ed., 759; *Bensinger* v. *District of Columbia,* 6 Mackey, 285; *Hamilton etc. Co.* v. *L'Anse Township,* 107 Mich. 419, 65 N. W. 282; *Newkirk* v. *Fisher,* 72 Mich. 113, 40 N. W. 189; *Grand Rapids* v. *Blakely,* 40 Mich. 367, 29 Am. Rep. 539; *Crooks* v. *Whitford,* 47 Mich. 283, 11 N. W. 159; *Marsh* v. *Supervisors of Clark Co.,* 42 Wis. 502; *McNish* v. *Perrine,* 14 Neb. 582, 16 N. W. 837; *Morrill* v. *Taylor,* 6 Neb. 236; *Lynam* v. *Anderson,* 9 Neb. 367, 2 N. W. 732; *Hallo* v. *Helmer,* 12 Neb. 87, 10 N. W. 568; *Kelly* v. *Craig,* 27 N. C. 129; *O'Donnell* v. *McIntyre,* 37 Hun, 615; *State* v. *Cook,* 82 Mo. 185; *Pike* v. *Martindale,* 91 Mo. 268, 1 S. W. 858; *State* v. *Schooley,* 84 Mo. 447.

(*b*) There is no proof that the assessor prepared a tax-list or assessment-roll, as required by paragraph 3861 of the Re-

vised Statutes of Arizona, for the real estate and personal property within the limits of Mohave County, or that in a book prepared for that purpose he set down what was required of him in order to make an assessment-roll. An assessment-roll cannot rest in parol, for a definite record evidencing official action is essential. *State* v. *Thompson,* 18 S. C. 538; *Davis* v. *Farnes,* 26 Tex. 296.

(*c*) Where the statute requires the assessment-roll to be certified to, this requirement is mandatory and jurisdictional. *Warren* v. *Grand Haven,* 30 Mich. 24, 30; *Clark* v. *Crane,* 5 Mich. 151, 71 Am. Dec. 776; *O'Donnell* v. *McIntyre, supra.*

(*d*) There is no evidence that Henry Lovin, assessor of Mohave County, Arizona, ever made any assessment for either of the years 1902 or 1903.

An assessment must be made by the proper officers, or it is void. It cannot even be delegated to a clerk. 1 Cooley on Taxation, 600.

In the absence of any certificate of the collector or his verification attached to the delinquent list, the alleged delinquent list cannot be the foundation for any subsequent proceeding. *Seymour* v. *Peters,* 67 Mich. 415, 35 N. W. 62; *Hamilton etc. Co.* v. *L'Anse Twp., supra; Upton* v. *Kennedy,* 36 Mich. 215; *Skinner* v. *Brown,* 17 Ohio St. 33; *Colzenhausen* v. *Kaehler,* 42 Wis. 332; *Glos* v. *Randolph,* 138 Ill. 268, 27 N. E. 941; *Duff* v. *Neilson,* 90 Mo. 93, 2 S. W. 222; *Howard* v. *Heck,* 88 Mo. 456; *Burke* v. *Brown,* 148 Mo. 309, 49 S. W. 1023.

The foregoing omissions cannot be cured by any presumption of law or any provisions of the statutes of Arizona.

(*a*) The presumptions that officers have done their duty does not supply proof of independent and substantial facts. *United States* v. *Ross,* 92 U. S. 281, 23 L. Ed. 707; *French* v. *Edwards,* 13 Wall. 506, 20 L. Ed. 702; *O'Donnell* v. *McIntyre, supra.*

(*b*) The provisions of section 105 of act No. 92, aforesaid, are not sufficient as a curative act to cure jurisdictional defects. *Township of Caledonia* v. *Rose,* 94 Mich. 216, 53 N. W. 927; *Trowbridge* v. *Horan,* 78 N. Y. 439; *O'Donnell* v. *McIntyre, supra.*

The act of the legislative assembly of the territory of Arizona, 1903, No. 92, is invalid.

. (*a*) It contravenes the provision of section 63 of the Organic Law of Arizona, prohibiting the passage by the legislature of any local or special law.

(*b*) It is retrospective.

(*c*) It is void for uncertainty. *Hilburn* v. *St. Paul etc. Ry. Co.,* 23 Mont. 229, 58 Pac. 551, and authorities cited; *In re Hendricks,* 60 Kan. 806, 57 Pac. 965, and authorities, quoted from pages 968 and 979.

Hugh L. Dickson, and Reese M. Ling, for Appellee.

KENT, C. J.—This action was brought by the territory of Arizona, upon relation of Foster S. Dennis, treasurer and *ex officio* tax-collector of the territory of Arizona, against the appellant, for the recovery of certain taxes alleged to have been assessed on appellant's property in the county of Mohave, territory of Arizona, for the years 1902 and 1903, and alleged to be delinquent, pursuant to the authority given by act of the legislature No. 92, entitled ''An act to amend chapter VII of title LXII of the Revised Statutes of Arizona, 1901,'' entitled ''Collection of Delinquent Taxes,'' adopted March 19, 1903, (Laws 1903, p. 148). The court below, upon the issues raised by the pleadings and the evidence adduced at the trial on the part of the plaintiff, no evidence being introduced by the defendant, found for the plaintiff and entered judgment against the defendant for the amount of the taxes found to be due as alleged in the complaint. From this judgment and an order denying a motion for a new trial the defendant has appealed to this court.

The errors assigned by the appellant raise, first, the question whether the trial court was right in admitting in evidence over objection certain documents offered by the plaintiff,— to wit, the assessment-rolls of the county of Mohave for the years 1902 and 1903, respectively. The objections to the assessment-rolls were that they do not contain the certificate of the assessor as required by the statute, and that, though produced as records of the county, they were not signed, certified to, or authenticated by the assessor. The section of the statute relied upon is as follows: ''On or before the third Monday in June of each year the assessor shall complete his tax-list, or assessment-roll, and shall attach his certificate thereto, and deliver it and the map-book, and all of the orig-

inal lists of property given to him to the clerk of the board
of supervisors, and which shall be filed in the office of said
clerk, and as soon as he receives said assessment-roll the clerk
of the board of supervisors shall give notice of the fact,
specifying therein the time of the meeting of the board of
equalization by publication in some newspaper, if there be one
published in the county, and if none, then in such manner
as the board of supervisors shall direct; and he shall keep
the roll open in his office for public inspection.'' Rev. Stats.
Ariz. 1901, par. 3864. It is contended by the appellant that,
in the absence from the assessment-rolls of the assessor's cer-
tificate and of any verification or authentication of the same
by him, there is no proper proof that the assessor ever made
any assessment for the years in question, and that hence the
record fails to show any proof of a valid assessment, which
assessment is a prior requisite to the enforcement and collec-
tion of a tax levy. It is contended by the appellee that the
tax-bills for these years, which were introduced by the plain-
tiff without objection, are by the statute made *prima facie*
evidence that the amount claimed was just and correct, and
further that the omission of the certificate from, or proper
authentication of, the assessment-rolls, the same being in the
proper custody and being produced as a part of the official
records, was a mere irregularity, insufficient to invalidate the
proceedings, and that such omission is covered and cured by
the statute.

The statute referred to, and under which this action was
brought, was adopted March 19, 1903. (Laws 1903, p. 148,
No. 92.) It contains the following provisions, among others:

''Sec. 87. All actions commenced under the provisions of
this chapter, shall be prosecuted in the name of the territory
of Arizona at the relation and to the use of the tax-collector,
and against the owners of the property; and all lands owned
by the same persons may be included in one petition and in
one count thereof, for the taxes for all such years as taxes
may be due thereon, and the said petition shall show the dif-
ferent years for which taxes are due, as well as the several
kinds of taxes or funds to which they are due, with the re-
spective amounts due to each fund, all of which shall be set
forth in a tax-bill of said back taxes, duly authenticated by
certificate of the tax-collector and filed with the petition, and

said tax-bill or bills so certified shall be *prima facie* evidence that the amount claimed in said suit is just and correct, and all notices and process in suit under this chapter shall be sued out and served in the same manner as in civil actions in district courts, and in case of suit against non-residents, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. In all suits under this chapter, the general laws of this territory as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this chapter.''

''Sec. 105. No irregularity in the assessment-roll, or omission from the same, or mere irregularity of any kind in any of the proceedings, shall invalidate any such proceeding, or the title conveyed by the tax-deed, nor shall any failure of any officer or officers to perform the duties assigned him or them on the day or within the time specified, work any invalidation of any such proceedings, or of such deed, and no overcharge as to a part of the taxes or costs, and payment of such taxes or costs, shall invalidate a sale for taxes, except as to a part of the real estate sold to the proportion of the whole thereof as such part of the taxes and costs is to the whole amount for which land was sold. Acts of officers *de facto* shall be valid as if they were officers *de jure,* and if a deed would be valid, as to the sale for any one tax it shall not be impaired by any irregularity, error in the proceedings or sale for any other tax or taxes.''

This statute is similar in its terms and its purpose to acts passed in many of the states to provide for a collection of taxes levied, and to correct the errors and omissions of assessors and other officials intrusted with the making of the assessment and the levying of the tax. The purpose of the curative portion of the act is to prevent a person from escaping the payment of taxes due from him by reason of acts or omissions on the part of the taxing officials, where such acts or omissions are mere irregularities, and are of such a nature that the legislature might by prior statute have dispensed with them. Such a law is within the legislative discretion, and is a valid exercise of its powers. *Williams* v. *Supervisors,* 122 U. S. 164, 7 Sup. Ct. 1244, 30 L. Ed. 1088; *Territory* v. *Delin-*

*quent Tax-List of the County of Mojave for the Year 1887*,
3 Ariz. 117, 21 Pac. 768. In nearly all of the states
where such acts have been passed, the courts have held that
the failure of the officer to properly authenticate the record
was not necessarily fatal, but, unless some one was injured
by the default, neglect, or error on the part of such officer,
such defect would be treated as an irregularity merely, and
would not render the levy void, and thus defeat the tax.
And even before the passage of such curative acts, the courts
of some of the states have held that an assessment, although
not made in all respects as contemplated by law, if not in-
equitable, will support a levy otherwise legal. So under such
statutes it has been repeatedly held that the failure of the
assessor to attach his oath or certificate and return the same
with the assessment-roll, or to sign the assessment-roll, is an
irregularity merely which does not affect the validity of the
tax. *Stanley* v. *Supervisors*, 121 U. S. 535, 7 Sup. Ct. 1234,
30 L. Ed. 1000; *Twinting* v. *Finlay*, 55 Neb. 152, 75 N. W.
548; *Spiech* v. *Tierney*, 56 Neb. 514, 76 N. W. 1090; *Townsen*
v. *Wilson*, 9 Pa. 270; *Eldridge* v. *Kuehl*, 27 Iowa, 160. And
generally the requirements of the statute as to authentica-
tion are held to be directory only, and not mandatory; and a
non-compliance with such requirements is held not sufficient·
to invalidate the assessment, unless the taxpayer is in fact
prejudiced by the omission. *Equalization Board* v. *Land-
owners*, 31 Ark. 516, 11 S. W. 822; *Duggan* v. *McCullough*,
27 Colo. 43, 59 Pac. 743; *Shoup* v. *Central Branch Union
Pacific R. R. Co.*, 24 Kan. 547; *Chesnut* v. *Elliott*, 61 Miss.
569; *Carman* v. *Harris*, 61 Neb. 635, 85 N. W. 848; *State* v.
*Western Union Tel. Co.*, 4 Nev. 338; *State* v. *Metz*, 31 N. J.
L. 365; *Warwick Water Company* v. *Carr*, 24 R. I. 226, 52
Atl. 1030. We think that the requirement of the statute that
the assessor should attach his certificate to the assessment-roll
is directory, and that, in the absence of actual injury thereby
to the person taxed, the omission of the assessor to comply with
such requirement of the law does not invalidate the tax, but
that such omission is an irregularity merely, such as is cov-
ered and cured by the provisions of section 105 of the act
of 1903 (Acts 1903, p. 158, No. 92) ; and that irrespective,
therefore, of the force and effect of the tax-bills under the
statute, the court below was right in receiving the assessment-
rolls in evidence, and in finding for the plaintiff.

It is also claimed by the appellant that—1. The assessment-rolls show that the tax-collector did not comply with the requirements of the law in relation to certain entries upon the duplicate assessment-rolls, and as to the filing of the statement required to be filed in the office of the treasurer; and 2. It is further claimed that there is no evidence that the delinquent lists were properly returned and certified, or that the assessment was ever equalized by the board of supervisors, or that the law was complied with in other respects. As to the first of these objections, we have not the assessment-rolls before us, and the record as preserved does not enable us to determine whether the contention in that respect is well founded or not. We cannot therefore pass upon the objection made to them. As to the second objection, in the absence of evidence to the contrary, the legal presumption attaches that the officers intrusted with those duties duly performed them.

The remaining question presented by the appellant is as to the validity of the act of 1903. The objections urged to this act, as set forth in the brief, are that it is void, in (*a*) that the act contravenes section 63 of the Organic Law of Arizona (Rev. Stats. Ariz. 1901, p. 85), prohibiting the passage by the legislature of any local or special law regulating the practice in courts of justice; (*b*) that said law is retrospective and deprives the defendant of its property without due process of law, in violation of the provisions of the fourteenth amendment of the constitution of the United States; and (*c*) that said law is void for uncertainty.

(*a*) If we understand the contention of the appellant under this head, it is that the act does not permit any redemption therefrom, as in sales upon execution issued on judgments in other judicial proceedings, and that therefore it is in contravention of the so-called "Harrison Act." As we have seen, the act provides that the general laws of the territory as to practice and procedure shall apply so far as not inconsistent. The act further provides that execution shall issue upon the judgment against the real estate named in the judgment, and directing the sheriff to sell the property to pay the judgment, "the same as the sheriff might do under ordinary execution." A sale under such execution would be governed by the general statute, and would follow the same. But if the right of

redemption were expressly withheld by the legislature, it would not render the law obnoxious to the provision of the Harrison Act referred to. *Hughes* v. *Lazard,* 5 Ariz. 4, 43 Pac. 422.

(*b*) Conceding that the act is retrospective, it does not deprive any person of property without due process of law. It simply provides a remedy and procedure for the collection of a debt already due. The power to tax property lies solely in the legislature. The legislature has full authority to make needful regulations to enforce the collection of the tax. If the legislature has the power and authority to make certain restrictions, it has likewise the authority to remove them. If it has authority to pass laws, it may repeal or modify them. The legislature can burden officers with directions and restrictions as to their duties. It can remove those restrictions or modify or change them. And having this right or authority, it is well settled that the power exists to validate retrospectively any proceeding it might have authorized in advance. Judge Cooley, in his work on Taxation (3d ed., p. 517), uses this language: "The general rule has often been declared that the legislature may validate retrospectively the proceedings which they might have authorized in advance. Therefore, if any directions of the statute fail of observance which are not so far of the essence of the thing to be done that they must be provided for in any statute on the subject, the legislature may retrospectively cure the defect." The fact that the law may operate retrospectively does not necessarily, nor in this case, invalidate it; but it falls within the general well-recognized rules with respect to such legislation. *Ensign* v. *Barse,* 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401.

(*c*) To sustain the claim that the act is void for uncertainty, counsel point out some provisions, which, if differently stated in the act, might, perhaps, have rendered the same clearer; but we find nothing in the defects suggested which would warrant us in holding the act void for uncertainty.

Finding no error in the record, the judgment of the lower court is affirmed.

DOAN, J., and CAMPBELL, J., concur.

NAVE, J., not having heard the argument took no part in the determination of this case.