STATE ex rel. WIGHT v. PARK CITY SCHOOL DISTRICT NO. 12 OF SUMMIT COUNTY et al.

No. 2506.　Decided June 2, 1913 (133 Pac. 128).

1. SCHOOLS AND SCHOOL DISTRICTS—CREATION. Laws 1911, c. 31, sec. 1, provides that each county shall constitute a high school district until subdivided as thereinafter provided. Sec. 2 provides that within sixty days after the approval of the act each county superintendent shall report to the board of county commissioners whether, in his opinion, the county shall remain one high school district; and if, in his opinion, it should be subdivided into two or more districts, then he shall recommend to the board of county commissioners a plan of subdividing the county into high school districts. Sec. 3 provides that upon the receipt of such report and recommendation the board of county commissioners shall set a day for hearing the same. Sec. 4 provides that any registered voter and taxpayer may object to such recommendations. Sec. 5 provides that the board must hear said recommendations and objections, getting all of the facts before it, so it may determine the question in such manner as to permit the establishment of high schools at the best places. Sec. 6 provides that after a full hearing of the question the board shall enter an order, either continuing the county as one high school district or subdividing it. Held, that the provisions of sec. 2 requiring a report and recommendations of the county superintendent were merely advisory, and such report and recommendations do not control the action of the county commissioners in determining whether the county shall be subdivided.[1]　(Page 65.)

[1] Tanner v. Nelson, 25 Utah, 226, 70 Pac. 984.

2. OFFICERS—DUTIES—"DIRECTORY STATUTE." As a rule a statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation. (Page 66.)

Action by the State, on the relation of L. B. Wight, against the Park City School District No. 12 of Summit County, Utah, and others, trustees of said school district, to prohibit defendants from levying a high school tax.

WRIT DENIED.

*A. R. Barnes, Attorney General,* and *E. V. Higgins* and *Geo. C. Buckle, Assistants,* for plaintiff.

*Snyder and Snyder* for defendants.

McCARTY, C. J.

This is an action to prohibit Park City school district No. 12 and the trustees of said district from proceeding to levy a tax to maintain a high school separate and apart from the other school districts of Summit county. It appears, from the facts alleged in and admitted to be true by the pleadings, complaint, and answer filed herein, that during the month of February, 1913, the county superintendent of district schools of Summit county made his recommendation in writing to the board of county commissioners of said county that all common schools districts in said county north of the town of Rockport be incorporated into one high school district, and that all common school districts south of and including the town of Rockport, except Park City and Parley's Park districts, be incorporated into another high school district; that the board of county commissioners, at its regular meeting held on the 5th day of March, 1913, considered the recommendation made by county superintendent of district schools, as aforesaid, and deeming the same practicable and advisable, caused a notice to be published in each of three weekly newspapers published and having a general circulation in

Summit county, reciting that the recommendation of the county school superintendent would be considered and acted upon at a regular meeting of the board of county commissioners to be held April 9, 1913; that the recommendation of the superintendent was considered by the board at the meeting of April 9, 1913; that a full presentation was had at the meeting by all parties interested and who desired to be heard orally or in writing for or against the recommendation made by the county school superintendent; that after a careful consideration of the arguments of all parties who desired to be heard the board of county commissioners adopted, with a slight modification, the recommendation of the superintendent; that the board of county commissioners, in acting upon said recommendation, also considered, acted upon, and ratified a previous action of the board had about August 5, 1912, in which it was determined and ordered that Park City common school district be set apart as a common school district maintaining a high school; that at said meeting it was represented to the board of county commissioners that the students of Parley's Park school district, of whom there were only a few, have always been permitted to attend the high school of Park City without charge or expense for tuition, and that it is the intention of all parties interested that such students be permitted to continue to attend the Park City high school as they have done in the past.

The principal ground upon which plaintiff asks for a writ of prohibition is set forth in his complaint as follows:

"That no action of any kind looking to the division of said Summit County into two or more high school districts or setting apart said Park City as a common school district maintaining a high school was taken by the county superintendent of schools, or the board of county commissioners, within 60 days after said chapter 31 (Laws Utah 1911) was approved, or within 60 days after it became a law, and no action of any kind, either by said superintendent or said board of commissioners, was taken or had until about nine months after said act became a law. . . . That the respective boards of trustees of the other school districts of

said Summit County, Utah, exclusive of said Park City district, are ready to organize into high school districts embracing the whole of said county, and to levy and collect the necessary tax for the support and maintenance thereof, as directed by said chapter 31, and that, by reason of said threatened wrongful acts of defendants hereinbefore enumerated, this affiant and other taxpayers of said Park City school district will be compelled to pay the taxes levied," etc. "That affiant, as a taxpayer in said high school district, is beneficially interested in this controversy, and that he has not, nor have any of the other taxpayers of said school district, any plain, speedy, or adequate remedy in the ordinary course of law for the prevention of the wrongful acts threatened by said defendants as herein set forth."

Chapter 31, Session Laws Utah 1911, so far as material here, provides:

"Section 1.   Each county within the state, except such counties as are constituted school districts of the first class, shall constitute a high school district until subdivided as hereinafter provided. . . . .

"Sec. 2.   Within sixty days after the approval of this act each county superintendent of district schools shall report to the board of county commissioners as to whether or not, in his opinion, the county should remain one high school district.   If, in his opinion, the county should be subdivided into two or more high school districts, then he shall recommend to the board of county commissioners a plan of subdividing such county into high school districts.

"Sec. 3.   Upon receipt of such report and recommendations the board of county commissioners shall set a day for hearing the same, which shall be not less than thirty days nor more than sixty days from the day of setting, and shall give public notice of such hearing by publication at least twenty days before the day of hearing in a newspaper published in such county.

"Sec. 4.   Any registered voter, who is a taxpayer within such county, may on or before the day set for hearing the

recommendations of the county superintendent file written objections to such recommendations. . . .

"Sec. 5. Upon the day set, or upon such other day to which the hearing may be adjourned, the board of county commissioners must hear the said recommendations and objections, if any; at which hearing the fullest latitude must be given, for the purpose of getting all the facts before the board so it may determine the question in such manner as to permit the establishment of high schools at such place or places within the county as will best accommodate the prospective students at such high schools.

"Sec. 6. After a full hearing of the question the board of county commissioners shall enter an order, either continuing the county as one high school district or subdividing the county into two or more high school districts. . . ."

Plaintiff contends that the provisions (sections 2 and 3) of chapter 31 are mandatory; and that, as the report and recommendations of the county superintendent of schools were not submitted to the board of county commissioners until long after the expiration of the 60 days from the time the law went into effect, they, the county commissioners, acted without jurisdiction in subdividing the county into high school districts. Upon the other hand, defendants contend that the provisions of the statute are directory only, and that the board of county commissioners have substantially complied with the provisions of chapter 31, *supra.*

By a casual reading of the statute (chapter 31) it will be seen that the report and recommendations of the county school superintendent mentioned in section 2 are advisory only, and do not bind or control the action of the board of county commissioners in determining whether the county shall continue as one or be subdivided into two or more high school districts. The board may follow or it may reject the recommendations made by the county school superintendent. The determination of the question rests solely with the board of county commissioners. The fact that the recommendations of the county school superintendent is advisory only, and not binding upon the board

of county commissioners, is at least persuasive that the statute designating the time in which such recommendations shall be submitted is directory and not mandatory.

The general rule is that a statute, prescribing the time within which public officers are required to perform an official act, is directory only, unless it contains negative words denying the exercise of the power after the time specified or the nature of the act to be performed, or the language used by the Legislature shows that the designation of time was intended as a limitation. In Suth. Stat. Const., sec. 448, the author says:

"Provisions regulating the duties of public officers and specifying the time for their performance are, in that regard, generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards." Again (sec. 451): "Statutes directing the mode of proceeding by public officers are directory, and are not to be regarded as essential to the validity of the proceedings themselves, unless so declared in the statutes."

In Black, Interpretation of Laws, p. 343, the rule is stated as follows:

"When a statute specifies a time at or within which an act is to be done by a public officer or body, it is generally held to be directory only as to the time, and not mandatory, unless time is of the essence of the thing to be done, or the language of the statute contains negative words, or shows that the designation of the time was intended as a limitation of power, authority, or right." Again, on page 346, it is said: "Irregularities in official action, consisting in the neglect or lack of strict compliance with statutory directions should not be allowed to vitiate the proceedings taken under a statute, when the objects and end of the statute have been substantially accomplished, and neither the public nor private persons are injured by the course of proceedings."

The case of *State v. Smith,* 67 Me. 328, contains the following broad statement of the general rule:

"In general where a statute imposes upon a public officer the duty of performing some act relating to the interests of the public, and fixes a time for the doing of such act, the requirement as to time is to be regarded as directory, and not a limitation of the

exercise of the power, unless it contains some negative words denying the exercise of the power after the time named; or from the character of the act to be performed, the manner of its performance, or its effect upon public interests or private rights, it must be presumed that the legislature had in contemplation that the act had better not be performed at all than be performed at any other time than that named."

This rule of construction was adopted and followed by this court in the case of *Tanner v. Nelson,* 25 Utah, 226, 70 Pac. 984, and the rule is also supported by the following authorities: 26 Ency. L. 689; 36 Cyc. 1160; *People v. Allen,* 6 Wend. (N. Y.) 486; *State v. Lean,* 9 Wis. 279; *Fay v. Wood,* 65 Mich. 390, 32 N. W. 614; *City v. Burney* (Tex. Civ. App.) 145 S. W. 311; *Gallup v. Smith,* 59 Conn. 354, 22 Atl. 334, 12 L. R. A. 353; *People v. Earl,* 42 Colo. 238, 94 Pac. 294.

There is nothing in the nature of the duty to be performed either by the county school superintendent or the board of county commissioners, under the statute in question, that justifies the inference that the Legislature intended that if it were not performed within the time specified it should not be performed at all. But it is manifest that if the statute should be given the construction contended for by plaintiff, the purpose of the statute—which is to enable the several counties not constituted high school districts to create and maintain two or more high school districts—would be defeated in every county in which the county school superintendent has for any reason omitted to make his report and recommendations to the board of county commissioners, as provided in section 2 of the act in question within sixty days after it went into effect.

We are clearly of the opinion that the time specified in which the county school superintendent shall report to the board of county commissioners as to whether, in his opinion the county shall be subdivided into two or more high school districts is directory, and not a limitation on the exercise of the power to make such report and recommendations, and that the board of county commissioners of Summit county

have substantially complied with the provisions of chapter 31, *supra*.

The writ is denied. Costs of this proceeding to be taxed against plaintiff.

STRAUP and FRICK, JJ., concur.