513 P.2d 932

**COUNTY OF MARICOPA, a political sub-division of the State of Arizona; Robert Stark, Henry Haws, Robert K. Corbin, Eldon B. Rudd and Joe Eddie Lopez as Members of the Board of Supervisors of Maricopa County, Petitioners,**

v.

**Ernest GARFIELD, Treasurer of the State of Arizona, Respondent.**

No. 11316.

Supreme Court of Arizona,
In Banc.

Sept. 10, 1973.

Beer & Kalyna by Olgerd W. Kalyna, Phoenix, for petitioners.

Gary K. Nelson, Atty. Gen. by James D. Winter and Andrew W. Bettwy, Asst. Attys. Gen., Phoenix, for respondent.

PER CURIAM:

The petitioners sought by this special action to require the State Treasurer to accept as valid the amended tax rate fixed by petitioners on September 4, 1973. This Court accepted jurisdiction of the special action (Ariz.Const. art. 6 § 5, A.R.S.) and because of the public importance of the issues involved and of the need for prompt action we made an immediate ruling granting the relief sought by petitioners, noting that a formal written opinion would follow in due course.

On August 20, 1973 the Board of Supervisors of Maricopa County fixed, assessed and levied the amount of funds to be raised by direct taxation for the operation of county government and they fixed the tax rate for the County. Unknown to the Board at the time of this action, there was an error in the amount of the total valuation of property for the County. The assessed valuation upon which the Board of Supervisors acted did not contain the increases in valuation in some 77,000 parcels which had been ordered increased by the State Board of Property Tax Appeals. The increased valuation amounted to over $33,000,000. When the error was discovered the Board of Supervisors met on September 4, 1973 and by resolution reset the tax rate for the County and the several local taxing authorities, the new rate being based upon the revised and increased assessed valuation of property in the County. In all instances the new tax rate for the County and the other taxing authorities was less than the rate which was formerly set on August 20, 1973.

Pursuant to Chapter 182, Section 7, Paragraph B, Laws 1973 First Regular Session of the Thirty-First Legislature, the Board of Supervisors reported the new tax information to the State Treasurer with the estimated property tax reduction figure for Maricopa County. Such information together with that for all other counties will be used by the State Treasurer to figure the total property tax reduction figure for the State. Pursuant to the above statute, and with certain limitations, the State will reimburse the counties for the amount of their property tax reduction figure.

The State Treasurer declined to accept the revised figure from Maricopa County because it was based upon a levy and assessment made after the date required by A.R.S. § 42–304, and he requested that the Board of Supervisors submit their report based upon the assessments made on August 20, 1973. The Board declined the Treasurer's request and sought relief from this Court.

The essential question presented is whether the Board of Supervisors may act to correct a mistake in the levy and assessment after the date prescribed by A.R.S. § 42–304.

So far as material to a resolution of this action, A.R.S. § 42–304 provides:

"A. The governing body of each county, city or town, on or before the third Monday in August each year, shall fix, levy and assess the amount to be raised by direct taxation, which, together with all other sources of revenue, as estimated, and unencumbered balances from the previous fiscal year, shall equal the total of amounts proposed to be expended in the budget for the current fiscal year, . . ."

The Attorney General upon behalf of the State Treasurer argues that the provision concerning the time within which the Board must make the levy and assessment is mandatory, and the Board is without power to act after the statutory date. It is the contention of the Attorney General that the Board has no power to act even to correct a mistake after the date prescribed in the statute.

Petitioners argue that the provisions of A.R.S. § 42–304 are not mandatory and absolute, but are directory. They argue that the action taken in this case does not violate the rights of any taxpayer, but on the contrary is for the benefit of the taxpayers in that a lower rate of taxation results. Petitioners further argue that the taxing authority must be allowed to correct obvious errors so that the operation of government may proceed efficiently and effectively.

Whether the provisions of A.R.S. § 42–304 are mandatory or directory depend upon the purpose to be achieved in the statute. If the provisions are for the protection or benefit of the taxpayer the statute is generally construed to be mandatory in nature. If the purpose of the statute does not involve the protection of the taxpayer but is to set forth an administrative system and guide for the tax officials as to the time within which certain acts are to be performed by the officials, the statute is generally construed to be directory. People v. Hively, 139 Colo. 49, 336 P. 2d 721 at 738 (1959). See also cases annotated in 151 A.L.R. 248.

While there may be instances when a substantial delay in fixing the tax rate may actually interfere with taxpayers' rights, such as the right to appeal the assessment, the delay in this case did not affect the rights of taxpayers, and there was substantial time left within which the administrative process provided by statute could be completed. Since the action of the Board in this case did not adversely affect the rights of anyone, we hold that the action of the Board of Supervisors in revising the tax rate was valid and lawful, and the State Treasurer is directed to accept the September 4, 1973 figures and report of the Board as the correct amount of the property tax reduction figure for Maricopa County.