522 P.2d 51

Paul E. **BLUBAUM**, Sheriff of Maricopa County, Ken R. Kunes, Maricopa County Assessor, and Department of Property Valuation, Petitioners,

v.

The Honorable Irwin **CANTOR**, Judge of the Superior Court of Maricopa County, Respondent,

**HONEYWELL INFORMATION SYSTEMS, INC.**, a Delaware corporation, Real Party in Interest.

No. 1 CA–CIV 2692.

Court of Appeals of Arizona, Division 1, Department B.

May 16, 1974.

Rehearing Denied June 21, 1974.
Review Denied July 16, 1974.

Beer & Kalyna by Olgerd W. Kalyna, Phoenix, for petitioners.

Martori, Meyer, Hendricks & Victor, P. A. by Kenneth R. Reed, Phoenix, for real party in interest.

Gary K. Nelson, Atty. Gen. by Donald P. Roelke, Sp. Asst. Atty. Gen., Phoenix, for Dept. of Property Valuation.

## OPINION

HAIRE, Presiding Judge.

The petitioners filed their petition for special action in this Court urging that the respondent trial judge lacked jurisdiction to proceed in the matter pending in the trial court and requesting that the respondent judge be directed to vacate a preliminary injunction previously issued and enter an order dismissing the complaint filed by the respondent real party in interest. After hearing oral argument, we entered our order taking the matter under advisement. For the reasons hereinafter stated, we have decided to grant the relief requested by the petitioners.

The respondent real party in interest (plaintiff) filed its complaint seeking to enjoin the petitioners from enforcing the collection of certain unsecured personal property taxes assessed against ten computers owned by plaintiff. The facts show that plaintiff owned some fifty computers which were located in Maricopa County at all times pertinent to the issues raised herein. As required by statute, the plaintiff made returns to the Maricopa County Assessor covering these computers. Ten of these returns were somehow separated from the remainder in the assessor's office, and were processed separately from the balance. The remaining forty were properly processed and values assessed thereto on the basis directed by the State Department of Property Valuation, and the collection of the tax on these computers was not involved in the subject trial court action.[1] However, the other ten were mistakenly assessed by the assessor's office at lesser values, not in accordance with the guidelines established by the Department of Property Valuation. These ten assessments were made on May 24, 1973, and the resulting taxes were fully paid by plaintiff on June 11, 1973.

Upon discovering what had occurred, the Department of Property Valuation, on July 19, 1973, issued a memorandum to the assessor requiring him to correct the ten assessments which had been mistakenly made by the assessor. On August 23, 1973, the assessor corrected the valuations and issued new notices of assessment which reflected the additional value as required by the Department of Property Valuation. In due course, the tax levy was made for the additional tax, and since the additional tax was not paid, delinquent tax statements were delivered to the sheriff for collection in accordance with A.R.S. § 42–611 et seq. These additional taxes have still not been paid by plaintiff.

1. The assessment of the other forty computers is the subject of other litigation. After appeal to the State Board of Property Tax Appeals which upheld the assessments on the other forty computers, the plaintiff paid the taxes involved and instituted an action for refund of the claimed overpayment.

It is the collection of these additional taxes which the respondent judge has preliminarily enjoined. The plaintiff's sole contention, relying upon Sears, Roebuck & Co. v. Maricopa County, 41 Ariz. 304, 17 P.2d 1096 (1933), is that the payment of the first set of tax bills has deprived the assessor of authority to correct his alleged mistake by raising the assessment and collecting the additional taxes, and that his attempt to do so was without any semblance of authority. While the petitioners dispute the merits of this contention, the primary basis urged by petitioners in support of their petition for special action intervention is that by reason of the provisions of A.R.S. § 42–204, the trial court had no jurisdiction to grant *injunctive relief*—that petitioners' remedy was to pay the additional taxes under protest and sue for a refund.[2]

This Court has recently rendered its opinion in County of Maricopa v. Chatwin, 17 Ariz.App. 576, 499 P.2d 190 (1972). In that decision we exhaustively reviewed the tax collection and assessment remedies presently available under Arizona law, with particular attention being given to the availability of injunctive relief. In the process of that review we cited the Arizona Supreme Court's decision rendered in State Tax Commission v. Superior Court, 104 Ariz. 166, 450 P.2d 103 (1969), and quoted therefrom as follows:

" 'We further hold that where taxes appear to have been imposed under semblance of authority and adequate remedies have been delineated in the taxing Statutes, the taxpayer must pursue such

remedies to secure relief.' 104 Ariz. at 169, 450 P.2d at 106." 17 Ariz.App. at 583, 499 P.2d at 197.

In our opinion, the principles set forth in the above case govern the issues here presented, and negate the existence of trial court jurisdiction to issue an injunction in this matter.

There can be no serious contention that A.R.S. § 42–204 does not provide a statutory remedy pursuant to which plaintiff could present to the courts the issues which were urged in its complaint for injunction. While a remedy which requires payment under protest and suit for refund might, on a surface evaluation, appear inadequate, upon deeper analysis and consideration of the policy underlying A.R.S. § 42–204, the remedy must be held adequate. As we stated in County of Maricopa v. Chatwin, *supra*:

"The philosophy underlying statutes of this character is that the government not be hampered or interfered with in the collection of revenues so essential to the sustenance of governmental functions. State ex rel. Lane v. Superior Court, 72 Ariz. 388, 236 P.2d 461 (1951)." 17 Ariz.App. at 583, 499 P.2d at 197.

*See also,* Smotkin v. Peterson, 73 Ariz. 1, 236 P.2d 743 (1951); Drachman v. Jay, 4 Ariz.App. 70, 417 P.2d 704 (1966).

However, the plaintiff contends that Sears, Roebuck & Co. v. Maricopa County, *supra,* is directly in point on the merits of the substantive question raised in its complaint, and that therefore the taxes here involved have not been imposed under a

---

2. A.R.S. § 42–204 provides as follows:

"A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount thereof, either as plaintiff or defendant, if any of the taxes levied and assessed against the property of appellant are not paid as provided in § 42–342, subsection B, paragraphs 2 and 3, except that in the case of private car companies the taxes shall be paid as provided in § 42–746.

"B. No injunction, writ of mandamus or other extraordinary writ shall issue in any

action or proceeding in any court against the state or an officer thereof, or against any county, municipality or officer thereof, to prevent or enjoin the extending upon the tax roll of any assessment made for tax purposes, or the collection of any tax imposed or levied.

"C. After payment of the tax, an action may be maintained to recover any tax illegally collected, and if the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this title."

"semblance of authority".[3] Whether or not Sears is eventually held controlling on the merits of the substantive issues involved, in our opinion it is not so clearly applicable as to deprive the assessor's actions of a "semblance of authority". By A.R.S. § 42–601 et seq., the assessor is charged with the responsibility of assessing personal property in this county. By the terms of A.R.S. § 42–123 the Department of Property Valuation is empowered to exercise general supervision over the county assessors in the administration of the state property tax laws and to prescribe appraisal methods and techniques. A.R.S. § 42–405 provides authority for the Department of Property Valuation and the county assessor to correct omissions, errors and defects in assessments. *See also,* County of Maricopa v. Garfield, 109 Ariz. 503, 513 P.2d 932 (1973) regarding the inherent power of taxing authorities to correct their mistakes.

The foregoing observations are not made for the purpose of indicating that the plaintiff is incorrect in its position on the substantive issues underlying its complaint. Rather these observations are made to demonstrate that there exists a "semblance of authority" for the petitioning assessor's actions in this matter, and that therefore the plaintiff's action for injunction flies squarely in the face of the procedural prohibitions unambiguously set forth in A.R.S. § 42–204. We therefore hold that the plaintiff may not invoke the injunctive powers of the trial court in its effort to test the legality of the assessor's attempt to correct its mistaken assessments. To hold otherwise would be to elevate every erroneous, wrongful or illegal action of the assessor to the status of an act done without "semblance of authority", in effect nullifying the anti-injunction provisions of A.R.S. § 42–204.

The relief requested by the petitioners is granted, and upon the issuance of the mandate in this cause the respondent trial judge is directed to vacate the preliminary injunction previously entered and enter its order dismissing plaintiff's complaint.

JACOBSON, Chief Judge, Division 1, and EUBANK, J., concur.

---

3. In Sears, Roebuck & Co. v. Maricopa County, *supra,* the court, in interpreting the tax statutes as they existed in 1931, held that the Board of Equalization did not have the power to increase the assessed value of unsecured personal property for the current year after the taxes had already been paid to the assessor. The taxpayer had paid the additional taxes under protest and had sued the county for a refund.