**KENNECOTT COPPER CORPORATION,**
**Plaintiff and Respondent,**

v.

**SALT LAKE COUNTY, Defendant**
**and Appellant.**

**No. 15169.**

Supreme Court of Utah.

Feb. 14, 1978.

R. Paul Van Dam, Salt Lake County Atty., Bill Thomas Peters, Special Deputy County Atty., Salt Lake City, for defendant and appellant.

James B. Lee, Kent W. Winterholler, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff, paid its 1976 ad valorem property taxes under protest to Salt Lake County and subsequently filed this action for a refund. Both parties moved for summary judgment, and plaintiff's motion was granted. Defendant appeals. We reverse, and remand to the district court with instructions to grant defendant judgment.

The facts in this action are not in dispute, the only issue is whether the provisions in Sections 59–9–6.3 and 17–36–31, U.C.A. 1953, as amended, regarding the time period in which the board of county commissioners must perform its statutory duty in levying a property tax, are directory or mandatory.

On August 9, 1976, the Salt Lake County Board of Commissioners set the general property tax levy at 14.42 mills. On September 20, 1976, the Board reset the levy, by adopting a general property tax mill levy of 16 mills. The trial court ruled that the Board was without legal authority to reset the mill levy after the date prescribed in the statutes on the ground that the provisions as to time were mandatory.

59–9–6.3, provides:

The board of county commissioners of each county *must* levy a tax on the taxable property of the county between the last Monday in the seventh month of each fiscal year and the second Monday in the eighth month of each fiscal year to provide funds for county purposes . . . . [Emphasis added.]

17–36–31, provides:

On or before the second Monday in August of each year, the governing body

*shall* levy a tax on the taxable real and personal property within the county. . . [Emphasis added.]

The trial court expressed the opinion that use of the words "shall" and "must" is indicative of a mandatory effect.

There is no universal rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory. The intention of the legislature, however, should be controlling and no formalistic rule of grammar or word form should stand in the way of carrying out the legislative intent.

. . .

. . . The statute should be construed according to its subject matter and the purpose for which it was enacted.

. . .

Generally those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey no prejudice will occur to those whose rights are protected by the statute, are not commonly considered mandatory. Likewise, if the act is performed but not in the time or in the precise manner directed by the statute, the provision will not be considered mandatory if the purpose of the statute has been substantially complied with and no substantial rights have been jeopardized.[1]

The legislature has expressed its purpose in the chapters under which the subject provisions were enacted. Section 59–9–6.1 provides the purpose of the act is to provide a maximum mill levy for counties according to asserted value. The State Tax Commission has the duty to ascertain that the statutory maximum has not been exceeded, Section 59–9–9. 17–36–2 specifies the purpose of the act is to codify and revise the law relating to county fiscal procedures in order to establish uniform fiscal procedures for all counties.

In *State ex rel. Wight v. Park City School District*[2] this court stated:

The general rule is that a statute, prescribing the time within which public officers are required to perform an official act, is directory only, unless it contains negative words denying the exercise of the power after the time specified or the nature of the act to be performed, or the language used by the Legislature shows that the designation of time was intended as a limitation. . . .

In applying the rule in *Wight*, this court examined the nature of the duty to be performed under the statute in question and determined whether an inference would be justified that the legislature intended that if the duty were not performed within the time specified that it should not be performed at all. In *Wight*, this court held the time specified was directory and not a limitation on the exercise of the power conferred.

An issue similar to the instant case was involved in *Wyoming State Treasurer v. City of Casper*.[3] The reasoning of the court in reaching the conclusion that the statute was directory is particularly applicable here. First, the command "shall" in the statute did not go to the date, but to the duty to be performed by the state officer. Secondly, the court considered whether the phraseology of the statute was such that the designation of time must be considered as a limitation on the power of the officer. The purpose of the statute was to maintain a fund for the benefit of the firemen. The court observed that if the officer had made no assessment at all, it could hardly be said there was intent the fund was to become insolvent. To deny the duty of the officer to perform his statutory obligation would defeat the legislative purpose, for the manner of performing was not essential to the purpose of the statute and was not the essence of the thing to be done. Third, the court found the statute was merely a guide for the conduct of business and for orderly

---

1. 1A Sutherland Statutory Construction (4th Ed.) § 25.03, pp. 299–300.

2. 43 Utah 61, 66, 133 P. 128, 129 (1913).

3. Wyo., 551 P.2d 687 (1976).

procedure rather than a limitation of power; and, therefore, should be construed as directory only. Finally, the court found there were no negative prohibitions in the statute, either as to time, or performance. The court applied the rule that an affirmative statutory provision relating to the time of performing official acts, unlimited or unqualified by negative words, is generally considered directory rather than mandatory.

 Statutes involving the constructive steps incident to taxation are deemed mandatory or directory depending upon whether or not the directions given an officer are for the benefit of the taxpayer, e.g., to give him notice and an opportunity for a hearing, or for any other purpose important to him. If a statute, setting forth the time for fixing the levy, is not for the purpose of giving the taxpayer notice or a hearing, the provision concerning time is of no concern or importance to the taxpayer. The failure of the public officials to make the levy within the time specified in no manner affects the taxpayer under such statute, which is deemed directory.[4] So long as the taxpayer is given a reasonable opportunity to pay his taxes before they become delinquent, his interests are not materially prejudiced.[5]

The relevant rules are further expanded in 151 A.L.R. 248, Anno: provisions of tax statute as to time for performance of acts by boards or officers as mandatory or directory, Section 1:

> Generally, however, it may be observed that where the purpose of the statute is to protect the taxpayer, the provision as to the time when an act is to be performed by a tax official or board is ordinarily construed to be mandatory, especially where there are negative words in the statute that the act shall not be done at any other time. On the other hand, where the purpose of the statute is not to protect the taxpayer, but merely to set up a guide for the tax officials, a provision as to time when an act is to be performed by a tax official or board is ordinarily construed to be merely directory, especially where there are no negative words in the statute that the act shall not be done at any other time.[6]

In the instant case, the provisions concerning the time during which the board of county commissioners must set the tax levy in the cited statutes must be deemed directory. There emerges no legislative intent that if the levy be not set during the period specified that no levy should be set at all. The specified legislative purposes set forth in the chapters where the time provisions appear are consistent with a legislative purpose to establish a guide for the orderly and prompt conduct of the public business. Furthermore, there are no negative prohibitions in the statutes as to time or performance. Finally, the purpose of the statute is not to protect the taxpayer, viz., to give him notice or an opportunity for a hearing.

 Defendant further contends this matter was res judicata, and the trial court erred in ruling on the merits. On September 24, 1976, plaintiff, with several other parties, petitioned this court for an extraordinary writ. The same issues determined in this case were set forth in the petition. Defendant included in its response the argument that relief should be denied on the ground there existed a plain, speedy and adequate remedy, viz., that plaintiff could pay the tax and proceed in an action for a refund as it has done here.

On October 7, 1976, this court, in a minute entry, dismissed the petition without stating any reason. A period of thirteen days elapsed from the time the petition was filed until it was denied and the file was closed.

The minute entry was not a decision on the merits. Had it been, Article VII, Sec-

---

4. *Tallon v. Vindicator Consol. Gold Mining Co.,* 59 Colo. 316, 149 P. 108, 112 (1915).

5. *Baker v. Paxton,* 29 Wyo. 500, 215 P. 257, 261 (1923).

6. See Id., § 3, p. 253; *County of Maricopa v. Garfield,* 109 Ariz. 503, 513 P.2d 932 (1973).

tion 25, Constitution of Utah, requires such a decision, and the reasons therefor be stated concisely in writing.

The denial of the petition without any opinion is consistent with the view this court merely refused to exercise its original jurisdiction, or it was of the opinion an extraordinary writ was not a proper remedy. A judgment denying a writ of prohibition without written opinion is not res judicata unless the sole possible ground of the denial was that the court acted on the merits, or unless it affirmatively appears the denial was intended to be on the merits.[7] Since neither exception applies, the matter was not res judicata.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

7. 21 A.L.R.3d 206, § 18, pp. 256–259.