821 P.2d 257

**HOHOKAM RESOURCES, an Arizona partnership, Plaintiff–Appellee,**

**v.**

**MARICOPA COUNTY, Defendant–Appellant.**

**No. 1 CA–TX 90–028.**

Court of Appeals of Arizona, Division 1, Department T.

Oct. 31, 1991.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Jeffrey B. Smith, Larry L. Smith, Phoenix, for plaintiff-appellee.

Helm & Kyle, Ltd. by John D. Helm, Roberta S. Livesay, Tempe, for defendant-appellant.

## OPINION

EHRLICH, Presiding Judge.

Maricopa County appeals from a tax court judgment determining that the Maricopa County Assessor had illegally increased the limited value of a parcel owned by Hohokam Resources (taxpayer) for tax year 1988 beyond the maximum percentage increase permitted by Ariz.Rev.Stat.Ann. (A.R.S.) § 42–201.02(B). The county also challenges the tax court's decision to award the taxpayer $10,000 in attorneys' fees pursuant to A.R.S. § 12–349 based on the court's finding that the county "defended the claim without substantial justification and unreasonably expanded or delayed the proceeding." The appeal thus raises the following issues:

(1) Whether, through resort to A.R.S. § 42–405(A), Maricopa County could retroactively validate its admitted failure to follow the procedures provided by A.R.S. § 42–201.02(D) for increasing the limited value of the taxpayer's property for 1988 in excess of the limits imposed by A.R.S. § 42–201.02(B).

(2) Whether the tax court erred or abused its discretion in awarding attorneys' fees against Maricopa County pursuant to A.R.S. § 12–349.

For the reasons set forth below, we affirm the judgment of the tax court.

## A. FACTS AND PROCEDURAL HISTORY

The facts out of which this appeal arises are not in dispute. At all times material to this litigation, the taxpayer has owned a parcel of real property in Maricopa County. This parcel was unimproved until a commercial building was completed on it in 1986. Completion of the building substantially increased the value of the parcel.

Since the approval of Arizona Constitution, article IX, section 18, at a special election on June 3, 1980, primary property taxes have been levied based on "limited property value." *See* Ariz. Const. art. IX, § 18(3), (4), (5), (7); A.R.S. §§ 42–201(5), (7), 42–201.02. Pursuant to A.R.S. § 42–201.02(B), the limited property value of a parcel in any given tax year is equal to the parcel's limited value in the prior year plus the greater of either 10% of that prior value or 25% of the difference between the full cash value of the parcel in the current tax year and the limited value of the parcel in the prior tax year.[1]

When improvements are totally omitted from the property tax rolls by error in the previous tax year, A.R.S. § 42–201.02(C) permits the county assessor to set the limited property value for the parcel "at a level or percentage of full cash value comparable to that of other properties of the same or similar use or classification" without regard to the maximum increase limitation of subsection B. However, when any of a parcel's value-adding characteristics or attributes that existed during the previous tax year are partially omitted from or erroneously stated on the tax rolls, the county assessor may avoid the maximum increase limitation of subsection B, and establish a limited property value pursuant to subsection C in excess of that limitation, only by reporting the circumstance in writing to the county board of supervisors and obtaining its approval of the proposed increase by majority vote at a regular meeting. A.R.S. § 42–201.02(D).

In 1987, the Maricopa County Assessor estimated an increase in the full cash value of the taxpayer's parcel and correspondingly increased the limited property value. The assessor set the limited value of the

---

1. In tax year 1988, A.R.S. § 42–201.02(B), (C) and (D) provided:

    B. In tax year 1983 and each tax year thereafter, the limited property value of property for primary property taxation purposes is the limited property value of the property in the prior tax year plus the greater of either:
    1. Ten percent of such value.
    2. Twenty-five percent of the difference between the full cash value of the parcel in the current tax year and the limited value of the parcel in the prior tax year. In no case shall the current limited value of the parcel exceed the current full cash value.
    C. For any land or improvements that were erroneously totally omitted from the property tax rolls in the prior year, for property for which a change in use has occurred since the prior year, for property that has been modified by construction, destruction or demolition since the prior tax year or for any property that has been split, subdivided or consolidated since the prior tax year, the limited property value shall be established at a level or percentage of full cash value comparable to that of other properties of the same or similar use or classification.
    D. For any parcel of property which in any tax year it is determined that any of the par-

    cel's value-adding characteristics or attributes which were in existence during the prior tax year have been previously partially omitted from or erroneously stated on the tax rolls, to exempt such property from the provisions of subsection A or B of this section, the county assessor shall prepare a written report to the board of supervisors of the county providing full details relative to the property, the characteristics omitted from or erroneously stated on the records of the parcel, the difference in value which should be added to or deleted from the limited property value of the property and any other relevant information which the assessor may provide. If the board on majority vote at a regular meeting approves the increase or decrease in the limited property value of the property, the property shall be valued in the manner provided in subsection C of this section, with such omitted or erroneously stated characteristics being treated for limited valuation purposes as construction or modification of the parcel occurring after tax year 1979.
    1989 Ariz.Sess.Laws ch. 259, § 2 deleted the initial prepositional phrase in subsection (B), but retained the remainder of subsection (B) and left (C) and (D) unchanged.

taxpayer's parcel at $1,762,245 for 1987. This increase was not disputed.

In 1988, the Maricopa County Assessor inspected and comprehensively reassessed the taxpayer's parcel. For the tax year 1988, the assessor raised the limited property value to $2,959,940, an increase of approximately 67% over the limited property value for the previous year, thereby exceeding the maximum percentage increase limits imposed by A.R.S. § 42–201.02(B). The parties agree that the assessor did not prepare a written report to the Maricopa County Board of Supervisors before increasing the limited property value of the parcel for tax year 1988, and the board of supervisors accordingly never considered or approved the increase as contemplated by A.R.S. § 42–201.02(D).

The taxpayer filed a civil complaint and a separate notice of tax appeal in Maricopa County Superior Court. In an amended notice of tax appeal, dated October 21, 1988, it alleged:

### III

The subject property was valued by the Maricopa County Assessor for the tax year 1988 in excess of the proper and appropriate limited value, and in contravention of the limitations for increase in limited value mandated by A.R.S. § 42–201.02.

### IV

The limited value assigned to the subject property for the tax year 1988 is excessive and erroneous and by the proper application of the statutory requirements for the determination of limited value, the limited value for the subject property for tax year 1988 should be reduced to such value as plaintiff proves at the time of trial, consistent with the statutory limitations for increases of limited value pursuant to A.R.S. § 42–201.02.

Maricopa County denied these allegations in its answer.

For the tax year 1989, Maricopa County raised the limited property value of the taxpayer's parcel to $3,301,939. On March 9, 1989, the taxpayer filed notice of having served certain discovery papers on Maricopa County, including nonuniform interrogatories, request for admissions, and request for production of documents. The record does not reflect the substance of these requests.

On May 10, 1989, the parties stipulated that the taxpayer could amend its complaint and notice of tax appeal to challenge the limited value increases for both 1988 and 1989. The taxpayer's amended notice of appeal alleged that the limited property values for its parcel for tax years 1988 and 1989 were in excess of the limitations imposed by A.R.S. § 42–201.02. Maricopa County denied these allegations in its amended answer.

On September 27, 1989, the taxpayer filed its list of witnesses and exhibits. Six days later, Maricopa County filed notice that it had served certain discovery papers on the taxpayer, including nonuniform interrogatories, request for admissions, request for production of documents, and request to enter on land and improvements. On October 6, 1989, the county filed its list of witnesses and exhibits. The taxpayer then filed a motion to set and certificate of readiness. The tax court set a firm trial date of January 4, 1990.

On November 2 and 8, 1989, the taxpayer filed notices of having served answers to the county's first and second sets of nonuniform interrogatories, request to enter on land, request for production of documents and request for admissions.

On December 15, 1989, Maricopa County filed a motion to continue the trial, stating in part:

The plaintiff has recently brought to the County's attention the fact that the assessor failed to follow the procedure [set forth in A.R.S. § 42–201.02(D)] in figuring the limited property value for the subject parcel for 1988. The assessor utilized the provisions of paragraph (C) of Sec. 42–201.02 in setting the limited property value for 1988, but did not first report to the board of supervisors, nor did the board ever vote to approve the

increase in such limited value. Plaintiff contends that therefore the assessor must follow paragraph (B) of Sec. 42–201.02 for 1988, not paragraph (C). Paragraph (B) results in a significantly lower limited property value than does paragraph (C). Furthermore, if paragraph (B) is followed for 1988, the limited value for 1989 will likewise be lower than that currently set by the County.

The County does not dispute the fact that a procedural error occurred in 1988, and the rules of paragraph (D) were not followed regarding the subject property. The County, however, is not without recourse. A.R.S. Sec. 42–405 allows the County to correct such errors.

Also on December 15, 1989, the county gave notice to the taxpayer that a hearing before the Maricopa County Board of Supervisors had been scheduled for January 8, 1990, to consider a recommendation by the Maricopa County Assessor that a "procedural error that occurred in the establishment of the limited property value of Parcel # 122–40–133 for the tax year 1988 be corrected and the 1988 limited property value for Parcel # 122–40–133 be established at $2,959,940."

**2.** A.R.S. § 42–405 provides:
(A) Omissions, errors or defects in an assessment list or tax roll may be supplied or corrected by the assessor, at any time before the return of the assessment roll to the county treasurer, or by the county treasurer at any time thereafter, subject in either case to the prior approval of the department and the county board of supervisors. When such omission, error or defect has been carried into the delinquent list or into the publication provided for by this article, the list or publication may be amended and republished, or notice of the correction may be published and posted in the manner provided by this article for the publication and posting of the original list and notice.
(B) No change pursuant to this section which results in an increase in any valuation shall be approved by the board of supervisors without giving at least twenty days' notice by mail to the owner of the property to be affected at the address shown on the then existing tax roll of the board's intention to do so and of the time and place of the hearing of the board at which approval of such increase is proposed to be accomplished.
(C) A taxpayer who is dissatisfied with the valuation or classification of his property as determined pursuant to this section may ap-

The taxpayer opposed the motion to continue, arguing that A.R.S. § 42–405 was inapplicable [2] and observing:

[T]he county claims ... that it was "during the course of discovery" that the county found out that it had improperly set the limited property value. Discovery had nothing to do with the revelation, for that information was in the county's records all along and was the essence of the complaint by the taxpayer.

In reply, the county maintained that before the taxpayer filed its discovery responses on November 2, 1989, the county was aware only of the complaint's allegation that the limited property value was incorrect. The county asserted:

Since the limited property value is but a function of the full cash value ..., it was necessary for the taxpayer to provide a succinct statement of its opinion as to such value and the basis for such opinion before the County could know how to proceed. Plaintiff's answer to the County's interrogatory number 9 attached hereto as exhibit "B" and incorporated herein by reference provided such a basis.[3]

peal to the state board of tax appeals or to the superior court pursuant to § 42–245.

**3.** The county's interrogatory 9 and the taxpayer's answers were as follows:
9(a). What do you contend is the correct limited property value of the subject property for the tax year in question?
ANSWER: $2,454,699
(b). State in detail every fact upon which you base the contention that the limited value set forth in your answer to 9(a) is correct and state the legal basis of this contention.
ANSWER: $2,454,699 is the limited value determined by the greater of ten percent of the previous year's limited value or 25% of the difference between the full cash value of the parcel [in] the current tax year and the limited value of the parcel in the prior tax year. In this case, the limited value for the prior year was $1,762,245. One–Fourth of the difference between the full cash value of the parcel [in the] current tax year which for 1988 was $4,532,063 and the limited value of the parcel in the prior tax year which was $1,762,-245 is $692,454. Adding $692,454 to $1,762,-245 makes a total limited value for 1988 of $2,454,699. For the next year, the twenty-five percent differential is $468,308 which, when

On January 2, 1990, the tax court affirmed the trial date for two days later. On January 3, the taxpayer filed a legal memorandum addressing the applicability of A.R.S. § 42–405. To refute the county's assertion that it had been unaware of the specific theory on which the taxpayer contended the 1988 limited value had been excessive, the taxpayer attached a copy of a letter which it had sent to the Maricopa County Assessor on May 2, 1988, as part of the administrative appeal. The letter stated in part:

> The construction of the building on this parcel was completed in 1986. Therefore, the Assessor was required to follow the procedure stated in A.R.S. § 42–201.02(D) to increase the limited property value for 1988 by a greater amount than that permitted by A.R.S. § 42–201.02(B). Since the procedure specified in A.R.S. § 42–201.02(D) was not followed, increase in the 1988 limited property value for this parcel cannot exceed 25% of the difference between the 1988 full cash value and the 1987 limited property value of $1,762,245.

At trial, the parties agreed that the county had not followed the steps set forth in A.R.S. § 42–201.02(D) to increase the limited property value beyond the limit imposed by A.R.S. § 42–201.02(B) and that the only disputed issue was whether the limited property value for 1988 could be retroactively increased beyond that limit. The tax court ruled in favor of the taxpayer:

> The taxing authorities seek solace in A.R.S. § 42–405. A.R.S. § 42–405 provides that omissions, errors, or defects in an assessment list or tax roll may be supplied or corrected subject to approval of the board of supervisors. If a proposed correction would result in an increase in any valuation, the taxpayer must receive notice of the meeting at which such correction will be sought. There is no language in A.R.S. § 42–405 which specifically imposes any time beyond which such correction can no longer be made. Maricopa County has recently taken steps to place a proposed valuation

added to $2,454,699 totals $2,923,007 as op-

increase for 1988 before the board of supervisors pursuant to A.R.S. § 42–405.

The taxing authorities argue there is no notice requirement for the steps required to increase property value in A.R.S. § 42–201.02(D). For this reason, Maricopa County argues that so increasing limited property value is a ministerial function of the Assessor. Therefore, the County argues, had the Assessor computed limited value according to A.R.S. § 42–201.02(B), he could now seek a correction to the rolls pursuant to A.R.S. § 42–405.

With this the Court disagrees. The Court holds that limited property value can be increased only pursuant to A.R.S. § 42–201.02. If it is to be increased beyond the limits imposed in A.R.S. § 42–201.02(B), it must be done consistent[ly] with A.R.S. § 42–201.02(D). While it may be true that the taxpayer has no standing to object to the increase, the Court is of the opinion that the legislature intended certain effects when it created the limited property value concept.

It intended to mitigate the impact on the taxpayer of rapidly rising property values and corresponding tax increases. The legislature recognized, however, that, in certain cases, a formula limitation on increases should apply. A.R.S. § 42–201.02(D) provides for the increase in limited property value for the taxpayer's property. A.R.S. § 42–201.02(D) requires that, in order for a property to be excluded from the provisions of A.R.S. § 42–201.02(B), the Assessor must justify the exclusion and the board of supervisors must approve the increase. If the board of supervisors does not approve the increase, limited value must be governed by the limitations imposed in A.R.S. § 42–201.02(B).

The Court further holds that A.R.S. § 42–405 cannot be utilized to establish limited value increases in situations subject to A.R.S. § 42–201.02(D) if there has not been compliance with A.R.S. § 42–201.02(D).

posed to the 1989 limited value of $3,301,939.

**602**

The Court further holds that, with respect to the implementation of A.R.S. § 42–201.02(D), every year is a new year. If limited value is not increased appropriately in any year because the County failed to follow A.R.S. § 42–201.02(D), and if the value enhancing characteristics still exist which would have called for an increase, the County is not precluded from seeking an increase by compliance with A.R.S. § 42–201.02(D) in any tax year subsequent to the year in which the increase could first have been sought.

IT IS ORDERED that limited property values for 1988 and 1989 shall be reduced to conform to the limitations set forth in A.R.S. § 42–201.02(B).

On January 8, 1990, in reliance on A.R.S. §§ 42–201.02(D) and 42–405, the Maricopa County Board of Supervisors approved the Maricopa County Assessor's recommendation to adopt a 1988 limited property value for the taxpayer's parcel of $2,959,940, the limited value originally set for that year. The next day, the taxpayer filed a new notice of tax appeal challenging the legality of that approval. That action later was consolidated with the action pending before the tax court.

On March 20, 1990, the taxpayer filed a petition for an award of $14,635 in attorneys' fees against the county pursuant to A.R.S. § 12–348. The tax court awarded the taxpayer attorneys' fees of $10,000 pursuant to A.R.S. § 12–349, stating in part:

Once Maricopa County realized that the facts upon which the taxpayer based its claim were clearly not in dispute, the County sought to end-run A.R.S. § 42–201.02(D) by recourse to A.R.S. § 42–405, a statute which was inappropriate.

On the eve of trial, after making a statement that, "the plaintiff has *recently* brought to the County's attention the fact that the assessor failed to follow (procedure in A.R.S. § 42–201.02(D))", the County moved to continue the trial so that it could try to accomplish the increase in limited property value pursuant to A.R.S. § 42–405, a statute providing

for the correction of administrative errors.

The information which counsel for Maricopa County advised was *recently* discovered was information which, from the beginning, was better available to Maricopa County than the taxpayer.

The Court denied the County's motion to continue and, after hearing counsel's argument at trial took the matter under advisement. The Court suggested that the County not make application to the Board of Supervisors pursuant to A.R.S. § 42–405 pending the Court's decision. Maricopa County, nevertheless, proceeded to present the matter to the Board of Supervisors while the Court had the matter under advisement.

This resulted in additional aggravation and expense to the taxpayer.

The Court finds that Maricopa County's handling of this dispute was by a method which defended the claim without substantial justification and unreasonably expanded or delayed the proceeding.

IT IS THEREFORE ORDERED awarding attorney's fees to the Plaintiff pursuant to A.R.S. § 12–349 in the sum of $10,000.00, charging same to Maricopa County. The Court finds that the Plaintiff's claim of $14,000.00 in attorney's fees is reasonable, but the Court is influenced to compromise the claim to some extent because of the limitation provided in A.R.S. § 12–348(D)(3), and because it is not the defense of this claim which the Court finds to have been without justification, but rather the refusal to expediently determine whether the factual allegations made by the taxpayer were legitimately in dispute. Having once made such a determination, the County should have taken steps to resolve those issues not fairly disputed, and to bring to trial those issues that were.

The tax court entered formal findings of fact, conclusions of law and judgment in accordance with its rulings and the county

timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B).[4]

## B. RETROACTIVE VALIDATION OF LIMITED PROPERTY VALUE IN EXCESS OF LIMIT IMPOSED BY A.R.S. § 42–201.02(B)

Maricopa County urges that the tax court erred in holding that the error correction mechanism provided by A.R.S. § 42–405 could not be used to correct retroactively the county assessor's failure to follow the procedures imposed by A.R.S. § 42–201.02(D) before increasing the limited property value of the taxpayer's parcel for 1988 in excess of the limits of A.R.S. § 42–201.02(B). The county accuses the tax court of creating a windfall for the taxpayer and asserts that the court "committed an act of judicial legislation" in interpreting the scope of A.R.S. § 42–405 as it did. In support of its position, the county relies on *Wallapai Mining and Development Co. v. Territory*, 9 Ariz. 373, 84 P. 85 (1906), and *Blubaum v. Cantor*, 21 Ariz. App. 586, 522 P.2d 51 (1974).

■ We are enjoined to construe statutes liberally to effect their objects and to promote justice. A.R.S. § 1–211(B). "Words and phrases shall be construed according to the common and approved use of the language. Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning." A.R.S. § 1–213. We agree with Maricopa County that there is nothing ambiguous about A.R.S. § 42–405; we differ with it, however, about what that meaning is.

■ Subsection A of § 42–405 applies only to "omissions, errors or defects" that are found in "an assessment list or tax roll" or remain present in "the delinquent list" or "the publication provided for by this article...." Subsection A empowers either the county assessor or the county treasurer to "suppl[y]" or "correct[ ]" the

omission, error or defect. The supplying or correction of the omission, error or defect is to be done by whichever county official is in possession or control of the document in which the omission, error or defect appears. The concrete terms employed by the legislature in A.R.S. § 42–405 make it apparent to us that the statute was intended to provide a mechanism whereby specific public records relating to real property taxation could be physically altered or added to by the official with control over them so as to make them accurate and complete. Maricopa County, however, has not sought to use A.R.S. § 42–405 in this way. The county does not seek to make a physical change in the assessment list or tax roll for 1988 to supply or correct an omission, error or defect in either document. It in fact wishes to leave those documents precisely in the form in which they appeared when first issued. Instead, the county relies on A.R.S. § 42–405 as a general authorization to perform retroactively a procedural step that A.R.S. § 42–201.02(D) had required as a condition precedent to increasing the limited property value of the taxpayer's parcel to the level the county actually set for 1988. Contrary to the county's argument, the language of A.R.S. § 42–405 does not allow this as even the county's counsel appeared to recognize in arguing the point before the tax court:

> THE COURT: You did not meet [the taxpayer's] argument that the—that 405 calls for corrections in the assessment roll basically after it's closed and gone to the treasurer for correction, and whatever the treasurer's function is, and there's no correction that you are going to make.
>
> Ms. Livesay: There could have been, had we gotten to the point of accepting his argument and had changed the limited property value in accordance with his argument, then there would have been a correction to make, and we would have gone back and corrected under 405.
>
> THE COURT: Okay.
>
> Ms. Livesay: It gets very circuitous.

4. The appeal is assigned to Department T of this court pursuant to A.R.S. §§ 12–120.04(G) and 12–170(C).

The county's reliance on *Wallapai Mining* is misplaced. Although that case is annotated under A.R.S. § 42–405, it did not concern a genuine "predecessor" of that statute. It dealt instead with 1903 Ariz. Sess.Laws p. 148, no. 92, §§ 87 and 105, which provided that a certified copy of a bill for back taxes was *prima facie* evidence that the amount claimed was just and correct, and that no irregularity or omission in the assessment roll would invalidate any tax proceedings. 9 Ariz. at 378–79, 84 P. at 86–87. The territorial supreme court turned aside the taxpayer's challenge to his property tax bill based on the county assessor's failure to certify the assessment roll. *Id.* at 380, 84 P. at 87. *Wallapai Mining* does not support the county's bid for retroactive validation of its failure to comply with A.R.S. § 42–201.02(B) and (D) in setting the limited property value of the taxpayer's parcel for 1988.

*Blubaum* also is inapposite. There the county assessor used A.R.S. § 42–405 the way it was intended to be used—to change assessments inaccurately reflected on the assessment list. 21 Ariz.App. at 587, 589, 522 P.2d at 52, 54. That is not what the county seeks to do in this case.

■ The tax court did not err in determining that A.R.S. § 42–405 does not authorize the retroactive validation of limited property value increases made in violation of A.R.S. § 42–201.02(B) and (D). We also share the tax court's view, conceded by the taxpayer, that despite the county's failure to comply with A.R.S. § 42–201.02(D) for tax year 1988, the county may seek an increase in excess of the limits imposed by A.R.S. § 42–201.02(B) by complying with subsection D "in any tax year subsequent to the year in which the increase could first have been sought."

## C. AWARD OF TAX COURT ATTORNEYS' FEES AGAINST MARICOPA COUNTY

### 1. A.R.S. § 12–348

Although the taxpayer requested an award of attorneys' fees against Maricopa County pursuant to A.R.S. § 12–348,[5] the tax court's award of attorneys' fees against the county was based solely on A.R.S. § 12–349.[6] We therefore need not consider the county's arguments that A.R.S. § 12–348 does not authorize the tax court's award of fees, or that the state should be responsible for the attorneys' fees award under A.R.S. § 12–348 because county assessors act as deputy directors of the Arizona Department of Revenue, or that the taxpayer's petition for attorneys' fees did not present any justification for exceeding the $75 per hour maximum imposed by A.R.S. § 12–348(D)(2).

---

5. For the tax years involved in this litigation, A.R.S. § 12–348 provided in pertinent part:

> A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:
> . . . .
> 2. A civil action brought by the party against the state, a city or town to challenge the assessment or collection of taxes.

Effective September 1, 1990, for tax appeals filed for tax year 1991 and later tax years, A.R.S. § 12–348 was amended to make discretionary with the court all awards of attorneys' fees in actions challenging the assessment or collection of taxes. For the first time, the 1990 amendments added counties as parties against which such awards could be made. *See* new A.R.S. § 12–348(B); 1990 Ariz.Sess.Laws, ch. 360, §§ 1, 24.

6. A.R.S. § 12–349 provides in part:

> A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
> 1. Brings or defends a claim without substantial justification.
> 2. Brings or defends a claim solely or primarily for delay or harassment.
> 3. Unreasonably expands or delays the proceeding.
> 4. Engages in abuse of discovery.
> . . . .
> F. In this section, "without substantial justification" means that the claim or defense constitutes harassment, is groundless and is not made in good faith.

### 2. Schweiger v. China Doll Restaurant, Inc.

Maricopa County argues that the taxpayer's petition for attorneys' fees was insufficient under *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983), because it failed to state the agreed hourly billing rates, presented only broad summaries of the work done and time expended, and did not address the four factors listed in *Schweiger* as bearing on the determination of a reasonable attorney's fee.

We disagree. Although the taxpayer's petition for attorneys' fees does not expressly state that the taxpayer agreed to pay the various hourly rates specified in the taxpayer's counsel's supporting affidavit, the petition clearly so implies and the copies of billing statements appended to the petition indicate that the taxpayer consistently made payments to its counsel in accordance with the hourly rates billed. Further, contrary to the county's contention, these billing statements were not limited to "broad summaries" of the work done and time expended, but instead detailed each item of services to an appropriate degree. Moreover, the county does not attempt to demonstrate that the tax court's substantial reduction of the fee award from the amount originally requested by the taxpayer was insufficient to accommodate its objections to allegedly duplicative and unnecessary amounts of time spent on services rendered. Finally, the record as a whole contained more than sufficient material from which the tax court could have properly evaluated the qualities of the taxpayer's attorneys, the character of the work done, the work actually performed and the result obtained.

### 3. Admissibility of Taxpayer's Attorneys' Fees Affidavit

Maricopa County contends that the taxpayer's attorneys' fees affidavit was inadmissible hearsay not within the business records exception of Rule 803(6), *Ariz. R.Evid.*, and that the taxpayer made no showing under Rule 1006, *Ariz.R.Evid.*, that the original time records were so voluminous as to prohibit convenient examination by the court.

We cannot agree that the tax court erred in basing its award of attorneys' fees on the affidavit and supporting exhibits submitted by the taxpayer. Absent from the county's brief is any citation of authority for the proposition that materials submitted in support of a post-trial request for an award of attorneys' fees must strictly comply with the rules of evidence, and we are aware of none. The prevailing procedure in the superior court is less formal than Maricopa County appears to assume, and in this case, while Maricopa County objected to the legal sufficiency of the materials the taxpayer offered to the tax court in support of its claim for attorneys' fees, it requested no evidentiary hearing. *See* Maricopa County Superior Court Local Rule 3.7(e)(3). The tax court did not err.

### 4. A.R.S. § 12–349

Finally, Maricopa County complains that the tax court's award of attorneys' fees under A.R.S. § 12–349 was improper because (1) the taxpayer and not the county was in a better position to know about the procedural history of its parcel and (2) the tax court based the award on the taxpayer's May 2, 1988, letter to the county assessor, which never was formally introduced into evidence. We disagree. Even apart from the taxpayer's letter, the record amply supports the tax court's decision to award attorneys' fees pursuant to A.R.S. § 12–349.

The tax court's minute entry of August 8, 1990, makes it clear that the tax court awarded attorneys' fees against Maricopa County under A.R.S. § 12–349 because it found that the county had failed "to expediently determine whether the factual allegations made by the taxpayer were legitimately in dispute." The record bears this out. The taxpayer's amended notice of tax appeal alleged that for tax year 1988, the county assessor had increased the limited property value of the taxpayer's parcel beyond the limitations established by

A.R.S. § 42–201.02. The county categorically denied this allegation and then waited until the taxpayer had filed its list of witnesses and exhibits, almost 11 months after the county had filed its answer, before it began serving discovery papers on the taxpayer. In consequence, the county did not receive answers to its discovery requests until after the tax court had set a firm trial date. Then, three weeks before trial, the county reversed course and admitted that it had failed to comply with A.R.S. § 42–201.02(D) in setting the limited property value of the taxpayer's parcel for 1988. It sought to delay the trial and to cure its omission retroactively.

Under the circumstances of this case, the tax court legitimately could have concluded that Maricopa County's claim of last-minute surprise from the taxpayer's discovery responses amounted to an admission that it had failed to adequately investigate the allegations of the taxpayer's amended notice of appeal. As we have observed, the taxpayer's amended notice of appeal alleged that the county assessor had failed to comply with A.R.S. § 42–201.02 in setting the limited property value of its parcel. Upon reading that allegation, a diligent attorney representing the county would have reviewed the assessor's records on the taxpayer's parcel and readily would have learned that the assessor had increased the taxpayer's limited property value for 1988 in excess of the limitations imposed by subsection B without following the procedure mandated by subsection D. The tax court correctly termed this "information which, from the beginning, was better

available to Maricopa County than the taxpayer." It did not abuse its discretion in determining that the county had thereby unreasonably expanded or delayed the proceeding within the meaning of A.R.S. § 12–349(A)(3).

## D. AWARD OF ATTORNEYS' FEES ON APPEAL

 The taxpayer requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12–349 and Rule 25, *Ariz.R.Civ. App.P.* We grant the request pursuant to A.R.S. § 12–349(A)(3) because we find that Maricopa County's extensive and immaterial analysis of A.R.S. § 12–348 has unreasonably expanded this appeal. In doing so, we have taken into account all of the relevant factors specified in A.R.S. § 12–350.[7] The taxpayer may establish the amount of its award by complying with Rule 21, *Ariz. R.Civ.App.P.*

Affirmed.

CONTRERAS, J., and MELVYN T. SHELLEY, Retired Judge, concur.

NOTE: The Honorable Melvyn T. Shelley, was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.

---

**7.** A.R.S. § 12–350 provides:

In awarding attorney fees pursuant to § 12–349, the court shall set forth the specific reasons for the award and may include the following factors, as relevant, in its consideration:

1. The extent of any effort to determine the validity of a claim before the claim was asserted.
2. The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid.
3. The availability of facts to assist a party in determining the validity of a claim or defense.
4. The relative financial positions of the parties involved.
5. Whether the action was prosecuted or defended, in whole or in part, in bad faith.
6. Whether issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict.
7. The extent to which the party prevailed with respect to the amount and number of claims in controversy.
8. The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.